**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM; and ELLIS COOK,** | )<br>)<br>)<br>) |
| Plaintiffs | ) |
| vs. | ) |
| | ) No. 02-CV-3195 |
| **CAROLINA CASUALTY INSURANCE COMPANY; REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST; and JEFFREY L. RUDNICK;** | )<br>)<br>)<br>)<br>) |
| Defendants | ) |

**NOTICE OF REMOVAL**

TO:   United States District Court
       For the Eastern District of Pennsylvania

PLEASEPLEASE TAKE NOTICE that on this date, Defendant Carolina CPLEASE TAKE NOT Company,Company, aCompany, a Corporation (hereinafter "Carolina"), by its undersigned counsel, herebyComp casecase pursuant to 28 U.S.C. §1446 case pursuant to 28 U.S.C. §1446 tcase pursuant to 28 U.S.C. §1446 to th Pennsylvania. In support thereof, Carolina states as follows:

1.   PlaintiffsPlaintiffs Richman, Berenbaum & Associates, P.C., Charles I. RiPlaintiffs Richman, B Berenbaum,Berenbaum, and Ellis CookBerenbaum, and Ellis Cook (hereinafter Richman, Berenbaum ) filed thi againstagainst Carolina on or about April 17, 2002. Carolina received aagainst Carolina on or about April 17, 2002 April 23, 2002, but has not been served with the Complaint. Therefore, removal is timely.

2.   InIn their Complaint, PlaintiffsIn their Complaint, Plaintiffs seek a declaration that Carolina has adu indemnifyindemnify them for a legal malpractice claim made againstindemnify them for a legal malpractice claim and as Trustee of the Reuben Klugman Trust.

3. Plaintiffs are citizens of Pennsylvania, and practice law through Richman, Berenbaum, a Pennsylvania corporation.

4. Defendant Carolina is incorporated under the laws [of ...] principal place of business in Florida.

5. Plaintiffs have also named Jeffrey Rudnick (Rudnick ...) firm of Richman, Berenbaum. Rudnick, as a former attorney with the [firm, seeks] coverage under the Carolina policy, should be realigned as a party plaintiff.

6. The positioning of the parties for purposes of diversity [jurisdiction depends on the] principal purpose of the suit, and the primary and controlling [matter in dispute]. *Maccabees Life Ins. Co.*, 77 F.3d 701, 703 (3rd Cir. 1996), citing *City [of Indianapolis v. Chase Nat'l] Bk.*, 314 U.S. 63, 62 S.Ct. 15 (1941); *Employers Ins. of Wausau v. Crown [Cork & Seal Co.,* 905 F.2d] 862, 864 (3rd Cir. 1991). *See also Martin v. Universal Underwriters Co.,* 676 F.Supp. 77, 78 (E.D.Pa. 1987). This Court must first identify the primary [issue and determine] whether there is a real dispute by opposing parties over that issue. *Id.*

7. The primary issue in this case is whether [Carolina must defend and indemnify Richman,] Berenbaum for this suit. Rudnick, who also seeks defense and indemnity from Carolina for the Klugman claim, was joined in this action by Plaintiffs as a necessary party.[1]

8. Carolina asserts that it has no obligation [to defend or indemnify Richman,] Berenbaum, Berenbaum, or any other party, for the Klugman claim. Carolina's interests [are adverse] to those of Richman, Berenbaum, and Rudnick.

9. Accordingly, as all these parties seek coverage from Carolina, [and as] the interests of Richman, Berenbaum and Klugman are aligned for purposes of this action. Therefore, the parties should be realigned to reflect [their true interests]. *See, e.g., Truck Ins. Exchange v. Ashland Oil, Inc.*, 951 F.2d 787 [...]

---

[1] Plaintiffs assert that Rudnick is a necessary party to this litigation. Although this issue is not [reached here], Carolina nonetheless has no objection to this joinder, nor does Rudnick [object]. Carolina nonetheless has[erts that the parties] have been properly aligned.

*Bankers and Shippers Ins. Co. of New York*, *Smotherman v. Caswell*, 755 F.Supp. 346 (D.Kansas 1990).

10. The Plaintiffs and Defendants are therefore Berenbaum and Rudnick are residents of the state of Pennsylvania, while Defendant Carolina is a citizen of the state of Florida.

11. Reuben Klugman ("Klugman"), the underlying claimant, is also named as a Defendant in this action. Klugman is a citizen of Florida.

12. The existence of a fraudulently joined party may be disregarded for determining diversity jurisdiction. *Spring-Ford*, F.Supp.2d 476, 479 (E.D.Pa. 2001). A party has been fraudulently joined if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant. *Id.*,

13. Plaintiffs assert no claim against Klugman, nor do Richman, Berenbaum seek any relief from Klugman, find that the complaint states a cause of action against Klugman.

14. Further, pursuant to Fed.R.Civ.P. 19, Klugman is not a this lawsuit. 158 F.Supp. at 483. Complete relief can be Klugman Klugman has no legally protected interest relating to whether Carolina has a duty to defend

---

[2]This action is primarily one to determine whether Carolina has a duty to defend Richman, In Klugman's complaint, Klugman alleges, in part, that Richman, Berenbaum conspired practice of law, and did so knowingly, and to derive financial gain. *See Klugman Second Amended* Therefore, until the underlying action is resolved, the parties cannot determine the applicability of certain policy exclusions, including, for example, Exclusion A which provides that Carolina shall not payment in connection with any Claim based upon, arising out of, directly or indirectly resulting of, or in any way involving a dishonest, fraudulent, criminal or malicious act, error direction of, or ratified by an Insured. . .

An insurer must indemnify only if the insured is held liable for a claim *Corp. v. Adriatic Ins. Co.*, 99 F.Supp.2d 593, 611-612 (W.D.Pa. 2000); *West Amer. Ins. Co. v.* 220 (E.D. Pa. 2000). Thus, the duty to indemnify is necessarily narrower than the determination of such duty is based upon the actual material facts established at the trial such, the duty to indemnify does not arise until the liability imposed Accordingly, a ruling on the duty to indemnify, as to this issue, would

Richman, Berenbaum for Klugman's claim. *Id.* at 483-84. Klugman is therefore fraudulently joined in this suit, and should be disregarded for purposes of [...]

15. Additionally, even if Klugman was not fraudulently joined, he is a nominal or formal party to this suit, because Klugman has no duty to defend. *See Spring-Ford*, 158 F.Supp.2d at 484, n. 4. Carolina submits that [...] should disregard a nominal or formal party and rest jurisdiction [on the real] parties to the controversy. *Id.*, citing *Bumberger v. Ins. Co. o[f...]* (3rd Cir. 1991).

16   The amount in controversy exceeds $75,000.

17. The present lawsuit is therefore removable from state [court to] the United States pursuant to 28 U.S.C. §1332(a)(1) and §1441(a).

18. True copies of all process, pleadings [...] attached hereto as Exhibit A.

WHEREFORE, defendant, Carolina Casualty Insurance copy respectfully requests that this Honorable Court enter an Order allowing Removal, and for [such other relief as the Court] may deem equitable and just.

---

context of this declaratory action. *Id.*

PLEASEPLEASE TAKE FURTHER NOTICE that Defendant Carolina, upon filing thisPLEASE TAKE RemovaRemovalRemoval in the Office of the Clerk of the United States District Court for the Eastern District PePennsylvania,Pennsylvania, has also caused to be filed copies of this Notice with the Clerk of the Pennsy CommonCommon Pleas, PhiladelphiaCommon Pleas, Philadelphia County, PCommon Pleas, Philadelphia Co 1446(d).

        Respectfully submitted,

        SPECTOR GADON & ROSEN, P.C.

By: _____
     STEVEN J. POLANSKY, ESQUIRE
     Spector Gadon & Rosen P.C.
     1635 Market Street
     Seven Penn Center
     7th Floor
     Philadelphia, PA  19103
     (856) 778-8100
     Attorney I.D. No. 34758

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000