IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, P.C.; CHARLES I. RICHMAN, ESQ.; BLAKE L. BERENBAUM, ESQ.; ELLIS COOK, ESQ.; JEFFREY L. RUDNICK, ESQ; | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.  02-CV-3195 |
| v. | ) ) | |
| CAROLINA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**CAROLINA CASUALTY COMPANY'S  AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM FOR DECLARATORY RELIEF**

Defendant, Carolina Casualty Company ( Carolina Casualty ),  for its Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, Richman, Berenbaum & Associates P.C.;  Ellis Cook ( Cook ); Charles I. Richman; Blake L. Berenbaum; and  Jeffrey L. Rudnick, states as follows:

**ANSWER TO COMPLAINT**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied.

9. Carolina Casualty states that the policies issued by Carolina speak for themselves, and therefore denies the allegations contained in Paragraph 9.

10. Admitted.

11. Carolina Casualty admits that Plaintiffs gave Carolina Casualty notice of the lawsuit filed by Reuben Klugman, individually and as Trustee of the Reuben Klugman Trust, No. 00-012739(18) filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. However, Carolina Casualty states that the complaint speaks for itself and, therefore, denies the remaining allegations contained in Paragraph 11.

12. Carolina Casualty admits that it has paid the costs to defend Plaintiffs against the complaint, subject to a full reservation of rights..

13. Carolina Casualty admits that a Second Amended Complaint was filed on or about January 17, 2002. However, Carolina Casualty states that the Second Amended Complaint speaks for itself and, therefore, denies the remaining allegations contained in Paragraph 13.

14. Denied.

15. Denied.

## COUNT I

## DECLARATORY JUDGMENT

16. Carolina Casualty incorporate its answers to paragraph 1 through 15 , as though the same were here set forth at length.

17. Denied.

18. Denied.

19. Admitted.

20. Admitted.

WHEREFORE, Carolina Casualty prays that this Honorable Court dismiss the complaint filed by Plaintiffs, with prejudice and award Carolina Casualty its costs, attorneys fees, and such other and further relief as this Court deems appropriate.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant/Counter-Plaintiff, Carolina Casualty Insurance Company ( Carolina Casualty ), for its Counterclaim for Declaratory Relief against Plaintiffs/Counter-Defendants, Richman, Berenbaum & Associates P.C.; Ellis Cook ( Cook ); Charles I. Richman; Blake L. Berenbaum; and Jeffrey L. Rudnick, states as follows:

## VENUE AND JURISDICTION

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is appropriate under 28 U.S.C. §1391 because the Defendants reside in this judicial district, and the events or omissions giving rise to the claim occurred, in part, in this judicial district.

## PARTIES

3. Carolina Casualty is a Florida corporation with its principal place of business in Florida.

4. The Berenbaum Firm is a Pennsylvania professional corporation with its principal place of business in Philadelphia, Pennsylvania.

5. Ellis Cook is an individual residing in Pennsylvania. At all times relevant hereto, Mr. Cook was an employed lawyer in the Berenbaum Firm.

6. Charles I. Richman is an individual residing in Pennsylvania. At all times relevant hereto, Mr. Richman was an officer of the Berenbaum Firm.

7. Blake L. Berenbaum is an individual residing in Pennsylvania. At all times relevant hereto, Mr. Berenbaum was an officer of the Berenbaum Firm.

8. Jeffrey L. Rudnick is an individual residing in Pennsylvania. Mr. Rudnick was a partner in the predecessor firm to the Berenbaum Firm, Richman, Rudnick & Berenbaum.

**FACTS**

9. Klugman retained the Berenbaum Firm, and/or its predecessor, on or about February of 1988 to provide legal services concerning Klugman's acquisition of certain parcels of real property located in Broward County, Florida. Klugman purchased the properties from Charles W. Kelsey, or corporations owned by him. As part of the purchase, Klugman entered into long-term lease agreements with Kelsey and/or his corporations, with provided Kelsey with options to repurchase the properties, and provided a schedule of rentals and rent escalations designed to acts as an incentive for Kelsey to reacquire the properties from Klugman.

10. After Kelsey defaulted in the payment of rent, Kelsey brought suit against Klugman alleging, in part, that the transactions were, in fact, a loan, and that the rate of return was criminally usurious under Fla. Stat. §687.071. Other related actions were brought in the

Circuit Court of the 17th Judicial Circuit, Broward County, Florida, including *Nationsbank v. Klugman, et al.*, no. 97-6963, and *The Kelsey Group v. Klugman v. Kelsey, et al.*, no. 97-8597.

11.     On April 6, 1999, Judge J. Leonard Fleet entered summary judgment in favor of Kelsey, and against Klugman. Fleet held that the net lease and options to purchase contained escalated options that were criminally usurious pursuant to the statute. As a result, Kelsey lost principal, and any future returns on the investment.

12.     On April 21, 1999, Klugman's counsel sent a letter to Cook at the Berenbaum Firm advising him of a potential claim of professional negligence regarding his representation of Klugman. In the letter, Klugman's counsel stated Specifically, it is our request that you identify for us and notify your professional negligence carrier or carriers of the following particulars in which Reuben Klugman was or may have been provided professional services and advice that fell below an applicable standard of care. *See* Notice of Potential Claim Letter, attached hereto as Exhibit A.

13.     After receipt of the letter, neither Cook, nor the Berenbaum Firm, placed any insurer on notice of the potential claim.

14.     Carolina Casualty issued to Richman, Berenbaum & Associates, P.C. and Richman & Berenbaum, P.C. claims made and reported Lawyers Professional Liability Policy no. 9251425 for the policy period of January 21, 2000 to January 21, 2001. ("The Carolina Casualty Policy"). A true and accurate copy of the Carolina Casualty Policy is attached hereto as Exhibit B.

15.     On or about August of 2000, Kelsey filed a civil action against Ellis Cook, Charles I. Richman, Blake L. Berenbaum, Jeffrey L. Rudnick and Richman & Berenbaum, P.C.,

5

formerly known as Richman, Rudnick & Berenbaum, P.C., no. 00-012739, in the Circuit Court, Broward County, Florida ( the Kelsey claim ). The complaint asserts a cause of action against the defendants for professional negligence, based on their representation of Klugman in connection with the Kelsey lease agreements.

16. Upon receipt of a copy of the complaint, Carolina Casualty agreed to defend Cook and the Berenbaum Firm, subject to a reservation of rights.

17. On or about May of 2001, the complaint was amended. A true and accurate copy of Kelsey's Amended Complaint is attached hereto as Exhibit C. Paragraph 19 of the Amended Complaint stated that Ellis Cook participated individually and as an employee/agent of defendant Richman Firm after receiving notice of this claim of professional negligence on April 21, 1999.

18. Subsequently, Carolina Casualty issued a supplemental reservation of rights letter, and requested an explanation and/or information from the Berenbaum Firm regarding its apparent prior knowledge of the suit. After corresponding with the Berenbaum Firm, Cook agreed to allow Carolina Casualty to review the defense files with regard to the Kelsey matter. On February 5, 2002, after review of the defense counsel, Carolina Casualty first received a copy of the Notice of Potential Claim Letter.

19. Carolina Casualty contends that it has no obligation to defend or indemnify the Berenbaum Firm, Cook, Richman, Berenbaum or Rudnick with regard to the Kelsey lawsuit. The defendants, however, contend that they are entitled to coverage under the Policy. As a result, an actual and immediate controversy exists between the parties.

## COUNT I

20. Carolina Casualty realleges paragraphs 1-20 above, as though fully set forth herein as paragraph 20 of this Count I.

21. The Carolina Policy contains the following Insuring Agreement:

> In consideration of the payment of the premium, and in reliance on all statements in the Proposal and all other information provided to the Insurer, and subject to all of the provisions of this Policy, the Insurer agrees with the Insured to:
>
> A. Pay on behalf of the Insured, all sums in excess of the Deductible amount stated in Item 4 of the Declarations, that the Insured shall become legally obligated to pay, as Damages, as the result of Claims first made against the Insured during the Policy Period;
>
>   1. by reason of any act, error, or omission in Professional Services rendered, or that should have been rendered by the Insured, or by any person for whose acts, errors or omissions the Insured is legally responsible, and arising out of the conduct of the Insured's profession as a lawyer or notary public;
>
> \*\*\*
>
> B. Provided always that such act, error, omission or Personal Injury occurs:
>
>   1. during the Policy Period and is reported to the Insurer during the Policy Period; or
>
>   2. prior to the Policy Period, provided that prior to the effective date of this Policy:
>
>   3. a. the Insured did not give notice to any prior insurer of any such act, error, omission or Personal Injury; and
>
>      b. the Insured did not know, or could not have reasonably foreseen that such act, error, or omission might be the basis of a Claim; and
>
>      c. there is no prior policy or policies which provide insurance for such liability or Claim, . . .

7

22. Prior to inception of the Carolina Policy on January 21, 2001, Cook and/or the Berenbaum Firm knew and/or could have reasonably foreseen that their acts, errors and/or omissions with respect to the Kelsey transaction might be the basis of a claim. Specifically, Cook and/or the Berenbaum Firm knew that summary judgment had been rendered against their former client, and knew that their former client had specifically asserted a potential malpractice claim against them.

23. The Kelsey claim is therefore not covered under the Carolina Casualty Policy, and Carolina Casualty has no obligation to defend and/or indemnify the Berenbaum Firm, Richman, Berenbaum, Cook or Rudnick with respect to the Kelsey claim.

WHEREFORE, Carolina Casualty Insurance Company prays that this Court enter judgment in its favor and against Defendants, and that the court further issue an order as follows:

(a) declaring that Carolina Casualty has no duty to defend or indemnify Richman, Berenbaum & Associates, Ellis Cook, Charles I. Richman, Blake L. Berenbaum, or Jeffrey L. Rudnick against the Kelsey claim; and

(b) for any such other relief as this Court deems just and appropriate, including the award of Carolina Casualty's costs.

SPECTOR GADON & ROSEN, P.C.

By: _____
STEVEN J. POLANSKY, ESQUIRE
Spector Gadon & Rosen P.C.
1635 Market Street
Seven Penn Center
7th Floor
Philadelphia, PA 19103
(856) 778-8100
Attorney I.D. No. 34758

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY

8

500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000