IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM; and ELLIS COOK, | ) ) ) ) ) | |
| Plaintiffs | ) ) | No.   02-CV-3195 |
| vs. | ) ) | |
| CAROLINA CASUALTY INSURANCE COMPANY; REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST; and JEFFREY L. RUDNICK; | ) ) ) ) ) ) | |
| Defendants | ) | |

## CAROLINA CASUALTY'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

Defendant, Carolina Casualty Company ( Carolina Casualty ), for its Response to the Motion to Remand filed by Plaintiffs, Richman, Berenbaum & Associates P.C.; Ellis Cook ( Cook ); Charles I. Richman; Blake L. Berenbaum; and Jeffrey L. Rudnick, states as follows:

**I.   INTRODUCTION**

Carolina Casualty timely filed its removal notice.  The thirty day removal period begins to run only when the defendant is formally served with process, in accordance with state law.  Here, formal process was never effected.  To effect service upon a corporation, Plaintiffs must serve an executive officer, manager, person in charge, or other agent authorized to accept service for the corporation.  Plaintiffs did not do so here, thereby rendering service defective.  Accordingly, the thirty day period could not have expired, because it never began.

Further, even if Carolina's receipt of a copy of the complaint is deemed proper service under Pennsylvania law, removal is still timely.  Carolina Casualty received a copy of the complaint from Plaintiffs on April 23, 2002 - exactly thirty days prior to its filing of the removal petition.  Accordingly, removal was timely.

II.     BACKGROUND

On April 17, 2002, Plaintiffs filed this Declaratory Complaint in Philadelphia County, Pennsylvania.

On April 23, 2002, Defendant, Carolina Casualty, first received a courtesy copy of the complaint. On that date, Walter Weir, Esq. sent a copy, via facsimile, to Brent Rawlings, Carolina's claim representative. *See Affidavit of Brent Rawlings, and Exhibit B to Affidavit.* Mr. Weir is counsel for Jeffrey Rudnick, Esq., a former employee of Richman, Berenbaum & Associates.

Also on April 23, 2002, Carolina Casualty received a copy of a letter from Ellis Cook, Esq., counsel for Richman, Berenbaum & Associates, and a plaintiff in this case, that included a copy of the Richman, Berenbaum complaint. *See Exhibit A to Affidavit*; *Affidavit of Brent Rawlings*. The letter, dated April 19, 2002, was sent certified mail, to Carolina Casualty 8381 Dix Ellis Trail Jacksonville, Florida 32256, and not to any specific individual at Carolina Casualty. *See Exhibit A to Affidavit.* The date and time of receipt by Carolina is evident by the stamp on the document stating Carolina Casualty 2002 APR 23 A 6:49.

On April 24, 2002, the Ellis Cook letter and complaint was forwarded to Brent Rawlings. *See Affidavit of Brent Rawlings, and Exhibit A to Affidavit.* The date of receipt by Monitor Liability Managers, Carolina Casualty's agent, is evidenced by the stamp stating Claim Department APR 24 2002. The date of receipt by Brent Rawlings, the claim representative, is evidenced by the stamp stating Brent Rawlings APR 24, 2002.

On May 23, 2002, Carolina timely filed its notice of removal, and removed the matter to this Court. Plaintiffs have now filed the subject motion to remand, contending that the removal notice was untimely, based on Plaintiffs' erroneous contention that they served the complaint upon Carolina on April 22, 2002.

### III. ARGUMENT

#### A. The Thirty Day Removal Period Begins On The Date The Defendant Is Properly Served With The Complaint In Accordance With State Law

28 U.S.C. §1446 provides, in relevant part, as follows:

\*\*\*

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

\*\*\*

The thirty-day removal period begins to run only when the party is officially served with the summons and complaint by formal process. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-38, 1219 S.Ct. 1322, 1325 (1999). According to the Court, it is only upon formal service that one officially becomes a party to the case, and is subject to the court's jurisdiction. For this reason, the Court held that even if a party has actual notice of the suit, through other informal means, the time period will not begin to run until the party receives formal service of process. *Id.* Thus, neither improper or defective service, nor the receipt of a courtesy copy of a complaint, is sufficient to trigger the thirty-day period.

**B.     Service Was Not Properly Effected Under Pennsylvania Law And Therefore, Removal Is Timely As A Matter Of Law**

Pa.R.Civ.P. 424 provides as follows:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided by person served is not a plaintiff in the action:
> 
> (1)    an executive officer, partner, or trustee of the corporation or similar entity, or
> 
> (2)    the manager, clerk, or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> 
> (3)    an agent authorized by the corporation or similar entity in writing to receive service of process for it.
> 
> Note: Substituted service pursuant to Rule 402(a)(2) upon a corporation or similar entity is not permitted by this rule.

Pa.R.Civ.P. 403 provides for service by mail, however, the service by mail must still be in compliance with Pa.R.Civ.P. 424. *See Hemmerich Industries, Inc. v. Moss Brown & Co., Inc.*, 114 F.R.D. 31, 32 (E.D.Pa. 1987). As such, the burden is on Plaintiffs, Richman, Berenbaum, to show that service has been made upon a proper agent of the corporation. Thus, Plaintiffs must establish that the complaint was served upon an executive officer, manager, person in charge of the place of business, or an agent authorized in writing to receive service of process for the corporation. *Id.*

In *Hemmerich*, the plaintiff served the corporation by certified mail, without directing the mailing to any specific individual. The complaint was eventually forwarded on to an executive

official, however, the court held that service was nonetheless defective because it was not in compliance with Rule 424. 111 F.R.D. at 32-33. *See also Alloway v. Wain-Roy Corp.*, 52 F.R.D. 203, 204-05 (E.D.Pa. 1971) (service improper even though defendant promptly filed an answer).

Likewise, in *Quality Sales Int'l, Inc. v. Robinson Transportation Service,* no. 87-1754, 1989 WL 9352 (E.D.Pa. 1989), the court held that service by certified mail upon a company mail clerk was improper, because such service failed to comply with Pa.R.C.P. Nos. 403 and 424.

Service is likewise defective in this case, because Plaintiffs did not serve one of the individuals required by Rule 424. Like the Plaintiffs in *Hemmerich* and *Quality*, Plaintiffs instead sent the complaint to Carolina Casualty, and not to any executive officer, manager, person in charge, or agent authorized to receive process for Carolina. The letter, though ultimately received by Carolina Casualty on April 23, 2002, was not served upon an executive officer, manager, person in charge of the place of business, or an agent authorized in writing to receive service of process for the corporation.

Accordingly, Plaintiffs have not, and can not meet their burden, rendering service defective as a matter of law. *See Hemmerich*; *Quality*. *See also Richard Johnson Honeyshine Shoe Express Svcs. v. U.S. Equity Realty, Inc.*, 125 F.Supp.2d 695, 698 (E.D.Pa. 2000), *aff'd,* 275 F.3d 35 (3rd Cir. 2001) (service on a corporation is defective where the complaint is not delivered to an officer or agent authorized by the defendant to receive process). Absent service, the thirty day removal period is not triggered, and removal is not untimely.

### C.     Even If Service Was Proper, Carolina Casualty Was Not Served Until April 23, 2002, Thereby Rendering The Removal Timely

Carolina Casualty did not receive a copy of the Richman, Berenbaum complaint until April 23, 2002. Carolina received a facsimile copy from Walter Weir, Esq., as evidenced by the facsimile date on the top of the page of the document. *See Exhibit B to Affidavit.*

Also on April 23, 2002, Carolina received the copy sent certified mail. The date of Carolina's receipt of these materials is evidenced by the date stamp placed on the Carolina document, in accordance with Carolina's normal business procedures. *See Affidavit of Brent Rawlings, Exhibit A to Affidavit.*

Carolina disputes Plaintiffs' contention that service was effected at an earlier date, because Carolina did not, in fact, receive the document on April 22, 2002. Carolina follows the same business procedure with every document received by mail and, as such, Carolina can state, with certainty, that the document was not received until April 23, 2002.

For its part, Richman, Berenbaum has produced no evidence indicating the identity of the individual who wrote in the date on the certified mail receipt. As such, is not clear whether the date was written in by another individual before it was signed by the mail room clerk, or whether a mistake was made, and the incorrect date was written on the receipt. Regardless, Carolina Casualty clearly did not receive the documents until April 23, 2002.

Moreover, as stated, service was defective, because Richman, Berenbaum failed to send the document to an executive officer, manager, person in charge, or other authorized agent of Carolina. Accordingly, even if improper service can be deemed proper because Carolina, in fact, actually received the document, such service certainly can not be deemed to have occurred until the date of actual receipt by Carolina. As Carolina has submitted evidence establishing that the document was not received in its offices until April 23, 2002, then April 23, 2002 must be, at the earliest, the date of service. Therefore, Carolina's notice of removal, filed thirty days later on May 23, 2002, is timely.

**IV.    CONCLUSION**

    WHEREFORE, for all of the foregoing reasons, Defendant, Carolina Casualty Company prays that this Honorable Court deny Plaintiffs' Motion to Remand.

        Respectfully submitted,

        SPECTOR GADON & ROSEN, P.C.

Dated: June 12, 2002

        By: _____
        STEVEN J. POLANSKY, ESQUIRE
        ATTORNEY I.D. #34758
        Seven Penn Center
        1635 Market Street
        7th Floor
        Philadelphia, PA 19103
        (856) 778-8100
        Attorney for Defendant Carolina Casualty Company

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000