IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM; and ELLIS COOK, | ) ) ) ) ) | |
| Plaintiffs | ) ) | No.   02-CV-3195 |
| vs. | ) ) | |
| CAROLINA CASUALTY INSURANCE COMPANY; REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST; and JEFFREY L. RUDNICK; | ) ) ) ) ) ) | |
| Defendants | ) | |

## CAROLINA CASUALTY'S MEMORANDUM IN OPPOSITION TO RUDNICK'S SECOND MOTION TO REMAND PURSUANT TO 28 U.S.C. §1332 AND §1447 (c)

Defendant, Carolina Casualty Company ("Carolina Casualty"), for its Memorandum In Opposition to Jeffrey L. Rudnick's ("Rudnick") Motion For Remand Pursuant to 28 U.S. §1332 and §1447(c), states as follows:

I.   INTRODUCTION

As detailed below, this Court should deny Rudnick's motion to remand because Rudnick has failed to contest the removal within the thirty-day period required by statute. Rudnick does not refute "subject matter jurisdiction," rather, Rudnick argues only that Reuben Klugman, another defendant, is not "fraudulently joined," and is a necessary party pursuant to Fed.R.Civ.P. 19. Thus, the motion is untimely.

Alternatively, even if the motion was timely, Rudnick cannot refute the fact that Reuben Klugman is not a necessary party to this suit as a matter of law and, therefore, should be disregarded for purposes of determining diversity jurisdiction.

II.     ARGUMENT

    A.     Rudnick's Motion To Remand Is Untimely Because Rudnick Did Not File The <u>Motion Within The Thirty Day Period Required By 28 U.S.C. §1447.</u>

Rudnick's motion to remand should be stricken and/or denied because Rudnick has failed to file the motion within the thirty day period required by 28 U.S. C. §1447. Carolina removed this matter to this Court, pursuant to 28 U.S.C. §1446, on May 23, 2002. However, Rudnick did not file the present motion to remand until July 2, 2002 – well over thirty days later.

It is true that 28 U.S.C. §1447 contains an exception to the thirty day period if a motion is filed to contest subject matter jurisdiction, however, Rudnick's motion does not address subject matter jurisdiction. Rather, Rudnick instead argues that Reuben Klugman, was not "fraudulently joined" by Richman, Berenbaum, as asserted by Carolina in its removal petition. The issues concerning Klugman's status as a party are outside the exception to the thirty-day requirement, and Rudnick's motion should be denied and/or stricken.

    B.     <u>Klugman Is Not A Proper Party To Richman's Suit And Should Be Disregarded For Purposes Of Determining Diversity Jurisdiction</u>.

Even if Rudnick's motion was timely, Rudnick cannot dispute the fact that Reuben Klugman, a non-party to the insurance contract between Richman, Berenbaum and Carolina, has been "fraudulently joined" as a defendant to this suit and, regardless, has no interest in the controversy between Richman, Berenbaum, Rudnick and Carolina regarding whether Carolina has a duty to *defend* Richman, Berenbaum or Rudnick against Klugman's claim. Accordingly, Klugman should be disregarded as a party for the purposes of determining diversity jurisdiction.

A party has been "fraudulently joined" when there is no reasonable basis in fact or colorable ground supporting the claim against the joined (non-diverse) defendant, or no real intention in good faith to prosecute the action against the defendant. *Spring-Ford Area School District v. Genesis Ins. Co.*, 1158 F.Supp.2d 476, 479 (E.D.Pa. 2001). Thus, for Klugman to be a proper party, Richman, Berenbaum and/or Rudnick must demonstrate that Richman, Berenbaum has a colorable ground to support a claim against Klugman – not Carolina.

The issue in this case is whether Carolina has a duty to defend[1] Richman, Berenbaum, or Rudnick for the suit filed against them by Klugman. Richman, Berenbaum asserts no cause of action against Klugman, nor does it intend to assert such a claim[2]. Accordingly, because Richman, Berenbaum has no grounds to support a claim against Klugman, nor can Richman, Berenbaum possibly assert one in the context of this action, Klugman is "fraudulently joined" as a matter of law. *Spring Ford*. The existence of a fraudulently joined party may be disregarded for purposes of determining diversity jurisdiction. *Id.* at 479.

Contrary to Rudnick's apparent contention, it is not relevant to the analysis whether Klugman, a proposed defendant, has a cause of action against Richman, Berenbaum in an independent matter pending in Florida state court. Likewise, it is also irrelevant whether Klugman, if he ultimately secured a judgment against Richman, Berenbaum, could later bring a state garnishment action against Carolina, a fellow defendant. The only issue is whether Richman, Berenbaum, the Plaintiff, can or does seek any relief from Klugman. *See Spring Ford*. Here, where Richman, Berenbaum seeks a determination as to whether Carolina has any obligation to defend either Richman, Berenbaum or Rudnick against Klugman's suit, Richman simply has no cause of action against Klugman.

Similarly, pursuant to Fed.R.Civ.P. 19, Klugman is not a necessary party defendant to this lawsuit. *See Spring Ford*, 158 F.Supp. at 483. Complete relief can be granted in Klugman's absence, and Klugman has no legally

---

[1] This action is primarily one to determine whether Carolina has a duty to defend Richman, Berenbaum for this suit. In Klugman's complaint, Klugman alleges, in part, that Richman, Berenbaum conspired to conduct the unlicensed practice of law, and did so knowingly, and to derive financial gain. *See Klugman Second Amended Complaint.* Therefore, until the underlying action is resolved, the parties cannot determine the applicability of certain Carolina policy exclusions, including, for example, Exclusion A which provides that Carolina "shall not be liable to make any payment in connection with any Claim based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving a dishonest, fraudulent, criminal or malicious act, error or omission committed by or at the direction of, or ratified by an Insured. . ."

An insurer must indemnify only if the insured is held liable for a claim actually covered by the policy. *USX Corp. v. Adriatic Ins. Co.*, 99 F.Supp.2d 593, 611-612 (W.D.Pa. 2000); *West Amer. Ins. Co. v. Lindepu*, 128 F.Supp.2d 220 (E.D. Pa. 2000). Thus, the duty to indemnify is necessarily narrower than the duty to defend, given that the determination of such duty is based upon the actual material facts established at the trial of the underlying litigation. As such, the duty to indemnify does not arise until the liability imposed against the insured is conclusively established. *Id.* Accordingly, a ruling on the duty to indemnify, as to this issue, would be premature, and would not be resolvable in the context of this declaratory action. *Id.*

[2] Richman, Berenbaum does not refute this assertion, which was first raised in Carolina's Notice of Removal.

protected interest relating to whether Carolina has a duty to defend Richman, Berenbaum for Klugman's claim as a matter of law. *Spring Ford,* at 483-84.

As already held in *Spring Ford*, an underlying claimant is not a necessary party to a lawsuit regarding the duty to defend. An underlying claimant is, at best, merely a nominal or formal party to a suit regarding the duty to defend, because the underlying claimant has no real interest in whether the insurer defends its insured. *See Spring-Ford*, 158 F.Supp.2d at 484, n. 4, citing *Bumberger v. Ins. Co. of N.Am.*, 952 F.2d 764, 767 (3rd Cir. 1991).

Accordingly, because Klugman's citizenship should be disregarded for purposes of determining jurisdiction, there is complete diversity in this case. *See also Notice of Removal.*

5

WHEREFORE, for all of the foregoing reasons, Defendant, Carolina Casualty Company prays that this Honorable Court deny Rudnick's Motion to Remand.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

Dated: July 15, 2002    By:_____
　　　　　　　　　　　　　　Steven J. Polansky, Esquire
　　　　　　　　　　　　　　Attorney for Defendant,
　　　　　　　　　　　　　　　Carolina Casualty Insurance Company

Steven J. Polansky, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002
(856) 414-6000

Jeffrey A. Goldwater, Esquire
Michelle M. Bracke, Esquire
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, IL  60661-2511
(312) 466-8000

\06_A\LIAB\SZP\LLPG\463947\SZP\03008\00101