IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOC., P.C., CHARLES I. RICHMAN, ESQ., BLAKE L. BERENBAUM, ESQ., and ELLIS COOK, ESQ. | : : : : : : | CIVIL ACTION |
| v. | : : | |
| CAROLINA CASUALTY CO., REUBEN KLUGMAN, individually and as trustee of the Reuben Klugman Trust, and Jeffrey L. RUDNICK, ESQ. | : : : : : | NO. 02-3195 |

**MEMORANDUM**

Giles, C.J.                                                                                                                August ___, 2002

      This is a diversity action for declaratory judgment that Defendant Carolina Casualty Insurance Co. ("Carolina") has a duty to defend and indemnify Plaintiffs Richman, Berenbaum & Associates, P.C. ("Richman- Berenbaum"), Charles I. Richman, Esq. ("Richman"), Blake L. Berenbaum, Esq. ("Berenbaum"), and Ellis Cook, Esq. ("Cook"). Specifically, plaintiffs and defendant Jeffrey L. Rudnick, Esq. ("Rudnick") are seeking indemnification from plaintiffs' insurance carrier, Carolina, from a legal malpractice suit filed by defendant Reuben Klugman ("Klugman) against plaintiffs and defendant Rudnick in Florida state court. Now before the court are Rudnick's two motions to remand, the first pursuant to 28 U.S.C. § 1446(b), and the second pursuant to 28 U.S.C. §§ 1447(c), 1332(a). For the reasons that follow, Rudnick's

motions are denied.

## I.  BACKGROUND

On August 21, 2000, Klugman, individually and as trustee of the Reuben Klugman Trust, commenced a lawsuit in Broward County Florida, case number 00-012739(18) ("Florida lawsuit"), against the plaintiffs and defendant Rudnick in the instant action for legal malpractice. On April 17, 2002, the instant plaintiffs filed a complaint for declaratory relief in the Court of Common Pleas, Philadelphia County, Pennsylvania, No. 2606, April Term ("Pennsylvania lawsuit"), against defendant Carolina, asserting, inter alia, that plaintiffs are entitled to full coverage as Carolina policy-holders for the claims asserted against them in the Florida lawsuit.[1] On May 23, 2002, defendant Carolina removed the Pennsylvania lawsuit to this court.

It is undisputed that all plaintiffs in this action are citizens of Pennsylvania, defendants Carolina and Klugman are citizens of Florida, and defendant Rudnick is a citizen of Pennsylvania.

## II.  DISCUSSION

In an action that has been removed to federal court, the removing party bears the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Ssteel Co., 257 U.S. 92 (1921); Boyer v. Snap-On Tools Corp., 913 F.2d 108-111 (3d Cir. 1990).  The removal statute, 28 U.S.C. § 1446, is strictly construed against removal, and all doubts are resolved in favor of remand. Boyer, 913 F.2d at 111.

---

[1] Defendant Rudnick is also named a defendant in the Pennsylvania lawsuit.

An action based upon diversity is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Thus, only if an action originally could have been brought in federal court may it be removed from state court to federal court.

Since there is no basis for federal question jurisdiction, the parties here must have complete diversity, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In order for the action to be completely diverse, it must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state ,defined in Section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Further, removal to federal court must take place within thirty (30) days of the date after which the removing defendant received service of process. 28 U.S.C. § 1446(b).

In his motions to remand, which for the sake of clarity will be treated as one motion, defendant Rudnick argues that (1) Carolina's removal was untimely because it was filed more than thirty days after it had received service of process on the Pennsylvania lawsuit, and (2) diversity does not exist because defendants Carolina and Klugman are both Florida residents.

Defendant Carolina counters that: (1) Carolina has never been properly served with the Pennsylvania complaint and, in the alternative, to the extent service was effected, it was done within thirty days of Carolina's removal; and (2) for purposes of determining diversity, the parties should be realigned so that defendant Rudnick is treated as a plaintiff, and defendant

3

Klugman is treated as a nominal party; in doing so, diversity is preserved.

A.  Party Alignment for Diversity Purposes

The positioning of parties for the purposes of diversity "must be ascertained from the 'principal purpose of the suit,' . . . and the 'primary and controlling matter in dispute.'" City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 68 (1941) (citations omitted); see also Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 703 (3d Cir. 1996).  The correct inquiry turns not on the parties' positioning at the onset of the action, but rather the "principal purpose" of the action: "[A] court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue." Employers Ins. of Wausau v. Crown Cork & Seal Co., 942 F.2d 682, 684 (3d Cir. 1991); see also Angst, 77 F.3d at 704.

To identify the primary issue, the court must first look to the pleadings submitted by the parties.  Angst, 77 F.3d at 704 (citing Wausau, 942 F.2d at 866).  The court also has a duty to look beyond the pleadings to determine the actual interests of the parties.  Development Finance Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 159 (3d Cir. 1995) (citing Chase Nat'l, 314 U.S. at 69).  It is clear from the pleadings that the interests of defendant Rudnick, as a former attorney with Richman-Berenbaum who seeks defense and indemnity from Carolina for the Klugman claim, are aligned with plaintiffs' and not those of defendant Carolina or Klugman.[2]  Because the court must treat Rudnick as a plaintiff for this purpose, his Pennsylvania citizenship poses no threat to diversity.

---

[2]Plaintiffs joined Rudnick as a "necessary party" in this action.  Although the court makes no finding as to the necessity of Rudnick as a party, it is noted that Carolina expressed no objection to joinder.

Klugman, the underlying claimant and plaintiff in the Florida lawsuit, is named as a defendant in this action. He is a citizen of Florida. Although as a defendant he poses no diversity problem, all parties agree that, if Klugman is a necessary party to this action, he should be treated as a plaintiff for diversity purposes, because his interests are aligned with those of the law firm and its members for purposes of this declaratory action. See, e.g., Truck Ins. Exchange v. Ashland Oil, Inc., 951 F.2d 787, 788 (7th Cir. 1992) (finding that insurance company, in bringing a suit in order to disclaim any liability it might have had to the insured or the victims, was the adversary of both). Since the named plaintiffs here have asserted no claim against Klugman, he must be treated as a plaintiff for diversity purposes.

Fraudulent Joinder - Klugman

Since Klugman must be treated as a plaintiff, and since he and Carolina are Florida citizens, Rudnick contends that diversity no longer exists and the action must be remanded. Carolina counters that Klugman should not be regarded as a party at all, since he was fraudulently joined or, at most, he is but a nominal party

The existence of a fraudulently joined party may be disregarded for purposes of determining diversity jurisdiction. Spring-Ford Area School District v. Genesis Ins. Co., 158 F. Supp.2d 476, 479 (E.D. Pa. 2001). A party has been "fraudulently joined" when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant. Id. (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (quoting Goldberg v. CPC Int'l, Inc., 495 F. Supp. 233, 239 (N.D. Cal. 1980))). In particular, "'joinder may be considered fraudulent if the plaintiff

has failed to state a cause of action against the nondiverse defendant.'" Spring-Ford, 158 F. Supp.2d at 479 (quoting Selvaggi v. Prudential Prop. and Cas. Ins. Co., 871 F. Supp. 815, 818 (E.D. Pa. 1995) (add'l citations omitted)).  However, in determining whether a nondiverse defendant has been fraudulently joined, all contested facts and all uncertainties as to the current state of the applicable substantive law must be resolved in the plaintiff's favor.  Spring-Ford, 158 F. Supp.2d at 480 (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992)).

  Rudnick argues here that Richman-Berenbaum is the plaintiff, as well as a defendant in Klugman's Florida lawsuit against them.  Klugman has a cause of action against Richman-Berenbaum and a potential cause of action against Carolina for garnishment.  Were it not for Klugman's suit against Richman-Berenbaum, Rudnick asserts, there would be no suit against Carolina.  Hence, it says Klugman is a necessary party in the instant action.

  In evaluating a claim of fraudulent joinder, the court must "focus on the plaintiff's complaint at the time the petition for removal was filed."  Batoff, 977 F.2d at 851-52.  After removal, a party's indispensability is a question of federal law.  See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968); Shetter v. Amerada Hess Corp., 14 F.3d 934, 938 (3d Cir. 1994); Zurich Ins. Co. v. Health Sys. Integration, Inc., 1998 WL 126920, at *3 (E.D. Pa. March 19, 1998); Continental Cas. Co. v. Diversified Ind., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).  Thus, Federal Rule of Civil Procedure 19 governs the court's determination of whether Klugman is an indispensable party.  Pennsylvania law is relevant to the extent that it defines the legal interest that Klugman may have in this action.  See Spring-Ford, 158 F. Supp.2d at 482-83 (citing Shetter, 14 F.3d at 937-38; Continental Cas. Co., 884 F. Supp. at 943 n.2).

  Under Rule 19, the threshold inquiry is whether the party is "necessary" to the

proceedings. Spring-Ford, 158 F. Supp.2d at 483 (citing Scott Paper Co. v. National Cas. Co., 151 F.R.D. 577, 578-79 (E.D. Pa. 193).  A party is "necessary" if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> > (i) as a practical matter impair or impede the person's ability to protect that interest or
> > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

F.R.C.P. 19(a).  If a court does not find that a party is "necessary to the proceedings, the party is, by definition, not "indispensable" to the action.  See id; Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993); Spring-Ford, 158 F. Supp.2d at 483..

Under Pennsylvania law, a tort claimant is not a third-party beneficiary of an insurance contract between a tortfeasor and its insurer and, absent permissive statute or policy provision, cannot maintain a direct action against the insurance company.  In re Kollar, 223 B.R.288, 290 (E.D. Pa. 1998) (noting an example of a statutory exception, under 40 Pa.S.C.A. § 117, under which a tort claimant may bring a direct action against a tortfeasor's insurer when the tortfeasor is insolvent or bankrupt); Aetna Insurance Co. v. Pennsylvania Manufacturers Ass'n Ins. Co., 456 F. Supp. 627, 634 (E.D. Pa. 1978) (finding that "one who suffers injury within the provisions of a liability insurance policy is not in privity of contract with the insurer of the alleged tort feasor, and cannot bring an action directly against the insurer on the claim");Gilberti v. Allstate Ins. Co., 45 Pa. D.&C.3d 708, 714 (Pa. Com. Pl. 1986) (citing Bolender v. Farm Bureau Mutual Ins. Co., 474 F.2d 1360, 1362 n.3 (3d Cir. 1973).

Here, however, the policy in question contains a provision allowing a third-party beneficiary a direct action against Carolina.

> **Action Against the Insurer**
>
> Any person, organization, or their legal representative is entitled to recover under this Policy, after they have secured a judgment or written agreement. Recovery is limited to the extent of the insurance afforded by this Policy. If the Insured or the Insured's estate becomes bankrupt or insolvent , it does not change any of the Insurer's obligations under this Policy.

Carolina Casualty Insurance Company, Lawyers' Professional Liability Insurance Policy, ¶ D3 (Exh. B, Carolina's Answer to Complaint). Cf. Bolender, 474 F.2d at 1362 (finding similar language in insurance policy to afford third-party beneficiary to bring an action against insurer).

Since Klugman's action against Richman-Berenbaum and its associates is still pending in the Florida court, a judgment against the Florida defendants has not been obtained. Thus, at this time, Klugman could not bring a direct action against Carolina and Klugman cannot presently be a necessary party to the action here. Therefore, the court holds that Klugman has been fraudulently joined, and must be dismissed from this action.

B.  Timeliness of Removal, Valid Service of Process

Plaintiffs and defendant Rudnick[3] argue that removal in this case was untimely because it was filed in excess of 30 days after Carolina received service of process. Carolina counters that it was never properly served or, in the alternative, that removal was timely as the action was

---

[3] Plaintiffs have not filed a motion to remand, however they raise this issue as an affirmative defense in their Answer to Carolina's Notice of Removal.

removed exactly 30 days after proper service was effected. Carolina argues that attempted service was incomplete.

It is undisputed that plaintiffs filed this declaratory action in Philadelphia County, Pennsylvania, on April 17, 2002, and a Notice of Removal to this court was filed by Carolina on May 23, 2002. Rudnick contends that on April 22, 2002, plaintiffs served Carolina with the Pennsylvania complaint by certified mail, return receipt requested. Attached to Rudnick's motion as Exhibit B is a copy of a domestic return receipt, indicating that delivery to Carolina Casualty, 8381 Dix Ellis Trail, Jacksonville, FL, 32256, was received by an individual named Peg Kirby, on April 22, 2002. Carolina asserts that it received this copy of the complaint on April 23, 2002, as indicated by the Carolina date stamp on the front page of the complaint, but that it was not addressed to an agent of the corporation. Affidavit of Brent Rawlings; Exh. A to Affidavit. Also on April 23, 2002, Carolina received a courtesy copy of the complaint, via facsimile to Brent Rawlings, Carolina's claim representative. The facsimile was sent by Walter Weir, Esq., counsel for defendant Rudnick. Id.; Exh. B to Affidavit.

Removal to federal court must take place within thirty (30) days of the date after which the removing defendant received service of process. 28 U.S.C. § 1446(b). Under Pennsylvania law, receipt of either the complaint or a writ of summons through a proper manner of service constitutes service of process. Pa. Civ. Pr. R. 402.

Pennsylvania Rule of Civil Procedure 403, Service By Mail, states, inter alia: "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Rule 405(c), Return of

Service, states, "Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant [or his authorized agent, R. 403]. . . ."  Further, Rule 424, Corporations and Similar Entities, provides,

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

"Service upon these parties will be made in the manner provided by Rules 400 et seq. unless the rule relating to a particular type of party specifies otherwise.  In most instances, these rules merely specify the person who is to be served."  Pa. R. Civ. P. Service of Original Process and Other Legal Papers, Explanatory Comment 1985, preceding Rule 400.[4]  The burden is on plaintiff to show that service has been made upon a proper agent of the corporation.  Hemmerich Industries, Inc. v. Moss Brown & Co., Inc., 114 F.R.D. 31, 32 (E.D. Pa. 1987).  See also Alloway v. Wain-Roy Corp., 52 F.R.D. 203, 204-05 (E.D. Pa. 1971) (service improper even though defendant promptly filed an answer); Quality Sales Int'l, Inc. v. Robinson Transportation Service, 1989 WL 9352 (E.D. Pa. 1989) (service by certified mail upon company clerk improper, because failed to comply with Rules 403 and 424).

---

[4] The 1985 explanatory comment also states, "Rule 403 prescribes the manner of service by mail but this provision is applicable only when a rule of civil procedure specifically authorizes service by mail."  Rule 424 does not make reference to Rule 403; nevertheless, court have interpreted service by mail under Rule 403 to satisfy service on out-of-state corporations.  See generally Hemmerich Industries, Inc. v. Moss Brown & Co., Inc., 114 F.R.D. 31 (E.D. Pa. 1987).

Neither plaintiffs nor defendant Rudnick provided any documentation that Peg Kirby, the individual who signed for the complaint sent by registered mail, is an agent of the corporation. Further, Carolina avers in an affidavit of its agent, Brent Rawlings, that no agent of Carolina was the designated or actual recipient of that copy of the complaint. Because plaintiffs and defendant Rudnick have not satisfied their burden of demonstrating that proper service was made on an agent of Carolina on April 22, 2002, the court finds that removal by Carolina on May 23, 2002 is timely.

Although removal is timely, service of process has not been made properly upon Carolina. 28 U.S.C. § 1448, Process after removal, provides, in pertinent part,

> In all cases removed from any state court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

See also Wright v. Xerox Corp., 882 F. Supp. 399, 410-11 (D.N.J. 1995) (where defective service did not prejudice defendants, who had actual notice of complaint, court allowed plaintiff to perfect service pursuant to 28 U.S.C. § 1448). Since, in the instant case, Carolina is not disputing actual notice and the statute of limitations has not yet run, the court will allow plaintiffs to perfect service of process in accordance with the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons, defendant Rudnick's motions to remand, pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. §§ 1447(c), 1332(a), are denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOC., P.C., CHARLES I. RICHMAN, ESQ., BLAKE L. BERENBAUM, ESQ., and ELLIS COOK, ESQ. | : : : : : : | CIVIL ACTION |
| v. | : : | |
| CAROLINA CASUALTY CO., REUBEN KLUGMAN, individually and as trustee of the Reuben Klugman Trust, and Jeffrey L. RUDNICK, ESQ. | : : : : : | NO. 02-3195 |

**<u>ORDER</u>**

Giles, C.J.

      AND NOW, this ___ day of August 2002, upon consideration of Defendant Rudnick's two Motions to remand, pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. §§ 1447(c), 1332(a), for the reasons outlined in the attached memorandum, it is hereby ORDERED that the Motions are DENIED. It is further ORDERED that Plaintiffs shall perfect service of process on Defendant Carolina, in accordance with the Federal Rules of Civil Procedure, within thirty (30) days from the date of entry of this Order.

BY THE COURT:

_____
JAMES T. GILES          C.J.

copies by FAX on
to