IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| RICHMAN, BEREBAUM & ASSOCIATES, P.C., et al.,<br><br>                       Plaintiffs,<br><br>                v.<br><br>CAROLINA CASUALTY INSURANCE COMPANY, et al.,<br><br>                       Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT JEFFREY RUDNICK'S MOTION
### TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 26.1(g) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, Defendant Jeffrey Rudnick ("Rudnick"), by and through his undersigned counsel, submits this Motion to Compel and respectfully requests the Court to enter an Order compelling Defendant Carolina Casualty Insurance Company ("Carolina") to provide full and complete responses (without objection) to, and produce all documents responsive to, Rudnick's First Request for Production of Documents served upon it, and in support thereof avers as follows:

      1.      On August 29, 2002, Rudnick and Carolina reached an agreement to voluntarily dismiss two pending state court actions relating to the same insurance coverage dispute and proceed with the instant federal court action. *See* August 29, 2002 Letter from Jan Fink Call to Michelle Bracke, attached hereto as Exhibit A.

      2.      As a part of that agreement, Rudnick and Carolina also agreed that

Carolina would respond to Rudnick's discovery requests served on August 29, 2002 in connection with the federal court action, which were identical to the outstanding discovery requests previously propounded in the Pennsylvania state court action, on an expedited basis. *See id.*

3. As agreed, Carolina's responses to Rudnick's federal court action Interrogatories and Requests for Production of Documents were due no later than September 5, 2002. *See id.*

4. On September 9, 2002, Carolina belatedly served its responses to Rudnick's Interrogatories; however, Carolina did not respond in any way to the Requests for Production of Documents.

5. On September 10, 2002, in a letter to counsel for Carolina, Rudnick's counsel requested that Carolina forward responses to the outstanding Requests for Production of Documents as agreed. *See* September 10, 2002 Letter from Jan Fink Call to Michelle Bracke and Steven J. Polansky, attached hereto as Exhibit B.

6. Counsel again requested on September 12, 2002 that Carolina respond to the overdue Requests for Production of Documents. *See* September 12, 2002 Letter from Jan Fink Call to Michelle Bracke, attached hereto as Exhibit C.

7. On September 26, 2002, counsel for Rudnick again reminded Carolina of the agreed-upon deadline for responses to this discovery, and again demanded that Carolina respond to the Requests for Production of Documents, responses which were then three weeks overdue. *See* September 26, 2002 Letter from Jan Fink Call to Steven J. Polansky, attached hereto as Exhibit D.

8.      Despite numerous demands and the passage of more than a month since its responses were due, Carolina has failed to forward responses to Rudnick's document requests and has not responded in any way to counsel's repeated inquiries regarding this matter.

9.      Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 26.1(f), and in an effort to resolve the matter before raising it with the Court, on October 3, 2002, Rudnick's counsel notified counsel for Carolina of their intention to file this Motion to Compel and again requested that Carolina forward responses to the Requests for Production of Documents.  *See* October 3, 2002 Letter from Jan Call to Michelle Bracke and Steven J. Polansky, attached hereto as Exhibit E.  Carolina has not responded to this letter.

10.     Despite the best efforts of Rudnick's counsel to resolve this matter without Court intervention, the issue remains unresolved and Rudnick now seeks the assistance of the Court to obtain the discovery responses Carolina has failed to provide.

11.     Since Carolina has failed to timely respond to Rudnick's document requests, it has waived the right to raise any objections to the outstanding discovery.  *See* 34(b) of the Federal Rules of Civil Procedure; *see also Goldy v. Beal*, 91 F.R.D. 451, 456 (E.D. Pa. 1981).

WHEREFORE, Defendant Jeffery Rudnick respectfully requests that this Court grant this Motion to Compel Production of Documents and order Carolina Casualty Insurance Company to provide full and complete responses, without objection to, and produce all

documents responsive to, the outstanding document requests within ten days.

                                    Respectfully submitted,

                                    _____

                                    Lawrence T. Hoyle, Jr.
                                    Jan Fink Call
                                    Hoyle, Morris & Kerr LLP
                                    1650 Market Street
                                    One Liberty, Suite 4900
                                    Philadelphia, PA 19103
                                    (215) 981-5700

                                         and

                                    Walter Weir, Jr., Esquire
                                    WEIR & PARTNERS LLP
                                    The Widener Building, Suite 500
                                    1339 Chestnut Street
                                    Philadelphia, PA 19107
                                    (215) 665-8181

                                  Attorneys for Defendant
                                  Jeffery Rudnick

Dated: October 7, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHMAN, BEREBAUM & ASSOCIATES, P.C., et al., | : |
| Plaintiffs, | : |
| vi. | : |
| CAROLINA CASUALTY INSURANCE COMPANY, et al., | : |
| Defendants. | : |

**<u>ORDER</u>**

AND NOW, this ____ day of _____, 2002, upon consideration of Defendant Jeffrey Rudnick's Motion to Compel Production of Documents, and any opposition thereto, it is hereby ORDERED AND DECREED that Jeffrey Rudnick's Motion is GRANTED and Carolina Casualty Insurance Company is ordered to provide full and complete responses, without objection, and to produce all documents responsive to Jeffrey Rudnick's First Requests for Production of Documents within ten days of the date of this Order.

BY THE COURT:

_____
Giles, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHMAN, BEREBAUM & ASSOCIATES, P.C., et al., | : :  : |
| Plaintiffs, | : : |
| vii. | : : |
| CAROLINA CASUALTY INSURANCE COMPANY, et al., | : : : |
| Defendants. | : : |

**CERTIFICATION OF COUNSEL**

I, Jan Fink Call, counsel for defendant Jeffrey Rudnick, hereby certify, pursuant to Rule 26.1(f) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, that I have made reasonable and good faith efforts to resolve the outstanding discovery dispute, but that counsel for defendant Carolina Casualty Insurance Company ("Carolina") has failed to respond to my repeated letters addressing this matter, and therefore, the parties have been unable to resolve the dispute. Copies of the various correspondence forwarded to Carolina Casualty's counsel concerning this issue are attached to the Motion to Compel.

                                                                                     _____
                                                                                     Jan Fink Call

**CERTIFICATE OF SERVICE**

    I, Jan Fink Call, Esquire, hereby certify that on October 7, 2002, I caused to be served true and correct copies of the foregoing Defendant Jeffery Rudnick's Motion to Compel Production of Documents, via hand delivery, upon the following:

Counsel for Carolina Casualty Insurance Company:

Steven J. Polansky, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002

Counsel for Plaintiffs

Ellis Cook, Esquire
Richman & Berenbaum, P.C.
2200-02 Walnut Street
Philadelphia, PA  19103

_____
Jan Fink Call