IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, P.C., et al. | : : : : | |
| V. | : : | No. 02-CV-3195 |
| CAROLINA CASUALTY INSURANCE COMPANY, et al. et al | : : : : | |

**DEFENDANT JEFFREY L. RUDNICK'S AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT AND AMENDED CROSS-CLAIM
PURSUANT TO FED. R. CIV. P. 13(g) AGAINST
<u>CO-DEFENDANT CAROLINA CASUALTY INSURANCE COMPANY</u>**

Defendant Jeffrey L. Rudnick, Esquire ("Rudnick"), by and through his undersigned counsel, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and with the agreement and consent of the other parties to this litigation, submits his Amended Answer to Plaintiffs' Complaint and his Amended Cross-Claim against co-defendant Carolina Casualty Insurance Company ("Carolina") as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted in part. It is admitted that defendant Rudnick was, until January 3, 1998, a shareholder of the firm of Richman, Rudnick and Berenbaum, P.C. (the "Predecessor Firm").

6. Admitted.

7. Admitted.

8. The allegations contained in paragraph 8 of the Complaint constitute conclusions of law to which no response is required.

9. Admitted in part. It is admitted that the Law Firm (as that term is defined in Plaintiffs' Complaint) maintained a lawyers professional liability insurance policy issued by Carolina, Policy No. 9251425, with a policy coverage period from January 21, 2000 to January 21, 2001 (the "2000 Carolina Policy"). Upon information and belief, it is admitted that a copy of the declaration page of the 2000 Carolina Policy is attached as Exhibit "A-1" to the Complaint. Upon information and belief, it is further admitted that the Law Firm had previously maintained a lawyers' professional liability insurance policy issued by Carolina, Policy No. 9234489, with a policy period from January 21, 1999 to January 21, 2000 (the "1999 Carolina Policy"). Upon information and belief, it is admitted that a copy of the declaration page of the 1999 Carolina Policy is attached as Exhibit "A-2" to the Complaint.

10. Admitted.

11. Admitted upon information and belief.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

## COUNT I

## DECLARATORY JUDGMENT

16. Answering defendant incorporates his answers to paragraphs 1 through 15 above as though the same were here set forth at length.

17. Admitted.

18. Admitted upon information and belief.

19. Admitted.

20. Admitted.

**DEFENDANT RUDNICK'S AMENDED CROSS-CLAIM
PURSUANT TO FED. R. CIV. P. 13(g) AGAINST
<u>CO-DEFENDANT CAROLINA CASUALTY INSURANCE COMPANY</u>**

21. For purposes of asserting a cross-claim against co-defendant Carolina Casualty Insurance Company ("Carolina"), answering defendant incorporates by reference herein all material allegations of fact and law of Plaintiffs' Complaint which are directed against Carolina.

22. Plaintiff Richman, Berenbaum & Associates, P.C. (the "Richman Law Firm"), formerly known as Richman, Rudnick & Berenbaum, P.C., is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 2200-02 Walnut Street, Philadelphia, PA.

23. Plaintiffs Charles I. Richman, Esquire and Blake L. Berenbaum, Esquire are shareholders of the Richman Law Firm.

24. Plaintiff Ellis Cook, Esquire, at all times relevant to the matters set forth herein, was an employee of the Richman Law Firm.

25. Prior to January 3, 1998, Rudnick was a shareholder in a law firm then known as Richman, Rudnick & Berenbaum, P.C. (the "Predecessor Firm").

26. On January 3, 1998, Rudnick withdrew from the Predecessor Firm.

27. Following Rudnick's departure from the Predecessor Firm, there was little to no communication between Rudnick and the members or employees of the Richman Law Firm.

28. At all times relevant to the matters set forth herein, the Richman Law Firm maintained a lawyers professional liability insurance policy issued by Carolina, Policy No. 9251425, with a policy coverage period from January 21, 2000 to January 21, 2001 (the "2000 Carolina Policy").  Upon information and belief, a true and correct copy of the 2000 Carolina Policy is attached hereto, made a part hereof, and marked as Rudnick's Exhibit 1. Further, upon information and belief, the Richman Law Firm had previously maintained a lawyers' professional liability policy issued by Carolina, Policy No. 9234489, with a policy period from January 21, 1999 to January 21, 2000.

29. On or about August 1, 2000, Reuben Klugman, individually and as Trustee of the Reuben Klugman Trust (collectively, "Klugman"), commenced a lawsuit in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case no. 00-012739(18) (the "Florida Lawsuit").  <u>See</u> Exhibit "B" attached to Plaintiffs' Complaint.

30. On August 18, 2000, Rudnick was served with a copy of the Florida Lawsuit at his office located at 1339 Chestnut Street, Suite 500, Philadelphia, PA.

31. The receipt of the Florida Lawsuit on August 18, 2000 was the first notice Rudnick had of any professional liability claim, or the potential for such a claim, by Klugman against either himself or the Predecessor Firm.

32. Upon being served with the Florida Lawsuit, Rudnick sought and learned the identity of the Richman Law Firm's professional liability carrier.

33. On August 28, 2000, after ascertaining the identity of the Richman Law Firm's professional liability insurance carrier, Rudnick gave prompt notice to Carolina of the Florida Lawsuit, informed Carolina that he had been served on August 18, 2000, and requested coverage for the Florida Lawsuit under the 2000 Carolina Policy.

34. On August 28, 2000 and thereafter, Carolina confirmed that both Rudnick was covered under the 2000 Carolina Policy and that Rudnick would be provided with a defense in connection with the Florida Lawsuit.

35. By stipulated order dated February 28, 2001, Rudnick was dismissed from the Florida Lawsuit without prejudice.

36. Thereafter Rudnick had no further involvement in the Florida Lawsuit.

37. On or about January 17, 2002, and unbeknownst to Rudnick, Klugman filed a Second Amended Complaint renaming Rudnick as a defendant in the Florida Lawsuit. See Exhibit "C" to Plaintiffs' Complaint.

38. Upon learning that he had been renamed as a defendant in the Florida Lawsuit, Rudnick immediately gave prompt and timely notice to Carolina.

39. On February 21, 2002, Rudnick received written confirmation from Carolina that Rudnick would be again provided with a defense in connection with the Florida Lawsuit. However, Carolina informed Rudnick that this defense would now be under a reservation of rights. See February 21, 2002 e-mail from Brent Rawlings to Jeffrey L. Rudnick, Esquire, attached hereto, made a part thereof, and marked as Rudnick's Exhibit 2.

40. Carolina represented to Rudnick that the basis for Carolina's reservation of rights was set forth in a letter dated January 8, 2002 previously forwarded to the Richman Law Firm (the "Reservation of Rights Letter"). See January 8, 2002 letter from Jeffrey A. Goldwater, Esquire to Ellis Cook, Esquire, attached hereto and made a part hereof, and marked as Rudnick's Exhibit 3.

41. Rudnick was first provided with a copy of the Reservation of Rights Letter on February 21, 2002.  Carolina has never forwarded any other reservation of rights letter to Rudnick.

42. At no time prior to the inception of the 2000 Carolina Policy on January 21, 2000 did Rudnick know or have any reason to know that any act, error or omission on the part of Ellis Cook, the Richman Law Firm, or any member or employee thereof, regarding any services which may have been rendered to Klugman, might be the basis of a claim.

43.  The 2000 Carolina Policy contains a provision which affords Rudnick coverage apart from any coverage provided by Carolina to any other insured.  Specifically, the 2000 Policy provides:

> **Waiver of Exclusion and Breach of Condition:** Whenever coverage under this Policy would be excluded, suspended or lost:
>
> * * *
>
> B. because of any noncompliance with any condition relating to the giving of notice to the **Insurer** with respect to which any other **Insured** shall be in default solely because of the default, or concealment of such default, by one or more **Insureds** responsible for the loss or damage, otherwise insured hereunder;
>
> then the **Insurer** agrees that such insurance as would otherwise be afforded under this Policy, shall cover and be paid with respect to each and every **Insured** who did not personally commit or personally participate in committing, or personally acquiesce in, or remain passive after having personal knowledge of one or more of the acts, errors, or omissions described in any such exclusion.  Provided, however, that if the condition is one which any such **Insured** can comply, after receiving knowledge thereof, any **Insured** entitled to the benefit of this Waiver of Exclusion and/or Breach of Conditions under this Policy, shall comply with such condition promptly after obtaining knowledge of the failure of any other **Insured** to comply therewith.
>
> See Exhibit 1 at Page 4, **Waiver of Exclusion and Breach of Condition.**

44. Rudnick has abided by the terms of the Carolina Policy, including immediately notifying Carolina of the Florida Lawsuit.

6

45. Carolina's position regarding coverage is contrary to the terms and conditions of the 2000 Carolina Policy.

46. Defendant Carolina has a duty to defend and indemnify Rudnick against all claims against him arising from the Florida Lawsuit, including the Second Amended Complaint filed by Klugman.

47. Defendant Carolina is liable to Rudnick for all costs, including attorneys' fees, incurred in defending the claims presented in the Florida Lawsuit, including the Second Amended Complaint filed by Klugman.

48. Defendant Carolina is liable to fully reimburse Rudnick for all costs, including attorneys' fees, incurred in connection with this action.

WHEREFORE, Defendant Jeffrey L. Rudnick prays that this Court enter and declare judgment in his favor and against defendant Carolina Casualty Insurance Company as follows:

    a.    that Carolina has a duty to defend and indemnify Jeffrey L. Rudnick against all claims arising from the Florida Lawsuit, including the Second Amended Complaint filed by defendant Klugman;

    b.    that Carolina fully reimburse Jeffrey L. Rudnick for all costs, including attorneys' fees, incurred in defending the claims presented in the Florida Lawsuit, including the Second Amended Complaint filed by defendant Klugman and attached to Plaintiffs' Complaint;

7

    c.  that Carolina fully reimburse Jeffrey L. Rudnick for all costs, including attorneys' fees, incurred in connection with this action; and

    d.  provide such other relief as this Court deems appropriate.

          By: _____
            Lawrence T. Hoyle, Esquire
            Jan Fink Call, Esquire
            HOYLE, MORRIS & KERR LLP
            One Liberty Place, Suite 4900
            1650 Market Street
            Philadelphia, PA 19103
            (215) 981-5700

            and

            Walter Weir, Jr., Esquire
            WEIR & PARTNERS LLP
            The Widener Building, Suite 500
            1339 Chestnut Street
            Philadelphia, PA 19107
            (215) 665-8181

            Attorneys for Defendant and Cross-Claimant
            Jeffrey L. Rudnick

Dated: November 25, 2002

## **CERTIFICATE OF SERVICE**

I, Jan Fink Call, Esquire, do certify that on November 25, 2002, I caused to be served a true and correct copy of the foregoing Defendant Jeffrey L. Rudnick's Amended Answer To Plaintiffs' Complaint And Amended Cross-Claim Pursuant To Fed. R. Civ. P. 13(g) Against Co-Defendant, Carolina Casualty Insurance Company, via United States mail, postage prepaid, upon the following:

Ellis Cook, Esquire
Richman & Berenbaum, P.C.
2200-02 Walnut Street
Philadelphia, PA  19103

Attorneys for Defendants Richman & Berenbaum, P.C., Charles I. Richman, Blake L. Berenbaum and Ellis Cook

Steven J. Polansky, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ   08002

Attorneys for Defendant Carolina Casualty Insurance Company

_____
Jan Fink Call