IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.`; CHARLES I. RICHMAN; BLAKE L. BERENBAUM; and ELLIS COOK, | ) ) ) ) ) | |
| Plaintiffs | ) ) | No.   02-CV-3195 |
| vs. | ) ) | |
| CAROLINA CASUALTY INSURANCE COMPANY; REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST; and JEFFREY L. RUDNICK; | ) ) ) ) ) | |
| Defendants | ) | |

**CAROLINA CASUALTY'S ANSWER AND AFFIRMATIVE DEFENSES
TO JEFFREY L. RUDNICK'S AMENDED CROSS-CLAIM**

Defendant, Carolina Casualty Insurance Company ("Carolina"), for its Answer and Affirmative Defenses to the Amended Cross-Claim Filed By Defendant, Jeffrey L. Rudnick ("Rudnick"), states as follows:

**ANSWER**

21.     Carolina incorporates by reference herein each and every response to Plaintiff's Complaint.

22.     Admitted.

23.     Admitted, upon information and belief..

24.     Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 24 and, therefore, denies same.

25.     Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 25 and, therefore, denies same.

26. Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 26 and, therefore, denies same.

27. Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 27 and, therefore, denies same.

28. Carolina admits that it issued to Richman, Berenbaum & Associates, P.C. and Richman & Berenbaum, P.C. claims made and reported Lawyers Professional Liability Policy no. 9251425 for the policy period of January 21, 2000 to January 21, 2001, and that such policy was a renewal. Carolina states that the policies speak for themselves, and are the best evidence of their contents.

29. Admitted.

30. Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 30 and, therefore, denies same.

31. Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 31 and, therefore, denies same.

32. Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 32 and, therefore, denies same.

33. Carolina admits that Rudnick gave Carolina notice of the Florida lawsuit on August 28, 2000. Rudnick's notice letter speaks for itself, and is the best evidence of its contents. Carolina lacks sufficient information to determine the truth or falsity of the remaining allegations contained in Paragraph 33 and, therefore, denies same.

34. Carolina denies the allegations contained in Paragraph 34.

35. Admitted.

36. Admitted to the best of information and belief.

37. Carolina admits that Klugman filed a Second Amended Complaint, which speaks for itself, and is the best evidence of its contents. Carolina denies the remaining allegations contained in Paragraph 37.

38. Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 38 and, therefore, denies same.

39. Carolina admits that it advised Rudnick that Carolina would defend Rudnick against the Second Amended Complaint, subject to a full reservation of Carolina's rights, and that Carolina did defend Rudnick under a reservation of rights.

40. Carolina admits that it advised Rudnick that Carolina would defend Rudnick against the Second Amended Complaint subject to a full reservation of Carolina's rights. Carolina also admits that it provided Rudnick with a copy of Rudnick's Exhibit 3.

41. Carolina admits that it provided Rudnick with a copy of the Reservation of Rights letter on February 21, 2002. Carolina denies the remaining allegations contained in Paragraph 41, as characterized.

42. Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 42 and, therefore, denies same.

43. Carolina denies the allegations contained in Paragraph 43.

44. Carolina lacks sufficient information to determine the truth or falsity of the allegations contained in Paragraph 44 and, therefore, denies same.

45. Carolina denies the allegations contained in Paragraph 45.

46. Carolina denies the allegations contained in Paragraph 46.

47. Carolina denies the allegations contained in Paragraph 47.

48.     Carolina denies the allegations contained in Paragraph 48.

WHEREFORE, Carolina prays that this Court dismiss the Cross-Claim filed by Jeffrey L. Rudnick, with prejudice, and award Carolina its costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

No justiciable controversy exists between Rudnick and Carolina.  Rudnick is not presently a party to the Klugman Florida action, and prior to Rudnick's dismissal, Carolina paid all of the costs and fees to defend Rudnick against the Klugman Florida action.

### Second Affirmative Defense

Rudnick fails to state a cause of action for which relief may be granted.

WHEREFORE, Carolina prays that this Court dismiss the Cross-Claim filed by Jeffrey L. Rudnick, with prejudice, and award Carolina its costs.

                                                MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By:_____
      STEVEN J. POLANSKY, ESQUIRE
      Attorney for Defendant, Carolina
      Casualty

Steven J. Polansky, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Attorney ID#: 34758
1845 Walnut Street
Philadelphia, PA 19103
Woodland Falls Corporate Park
200 Lake East Drive, Suite 300
Cherry Hill, NJ 08002
856-414-6000

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, P.C.; CHARLES I. RICHMAN, ESQ.; BLAKE L. BERENBAUM, ESQ.; ELLIS COOK, ESQ.; JEFFREY L. RUDNICK, ESQ; | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.  02-CV-3195 |
| v. | ) ) | |
| CAROLINA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on **January 8, 2002**,  the original of Carolina Casualty's Answer and Affirmative Defenses to Jeffrey L. Rudnick's Amended Cross-Claim was hand delivered for filing to the Clerk of the U.S. District Court of the Eastern District of Pennsylvania and copies forwarded to the following interested persons via regular mail:

## NAME AND ADDRESS

Ellis Cook, Esquire
2200 Walnut Street
Philadelphia, PA  19103

Reed A. Bryan, Esquire
P.O. Box 2466
Fort Lauderdale, FL  33303-2466

Walter Weir, Jr., Esquire
WEIR & PARTNERS, LLP
1339 Chestnut Street, Suite 500
Philadelphia, PA  19107

Jan Fink Call, Esquire
HOYLE, MORRIS & KERR LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA  19103

Michelle M. Bracke, Esquire
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, IL  60661-2511

      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the forgoing statements made by me are willfully false, I am subject to punishment.

_____

BRIDGET NELSON, Legal Assistant