**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RICHMAN, BERENBAUM        )
ASSOCIATES, L.L.C.; CHARLES I.   )
RICHMAN; BLAKE L. BERENBAUM  )
and ELLIS COOK,                 )
                               )
        Plaintiffs       )      No.   02-CV-3195
                               )
    vs.                    )
                               )
CAROLINA CASUALTY INSURANCE   )
COMPANY.                 )
                               )
        Defendants     )

<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

       Defendant, Carolina Casualty Insurance Company, pursuant to  Fed.R.Civ.P. 56, hereby

moves for summary judgment declaring that Carolina has no duty to defend or indemnify

Plaintiffs,  Richman, Berenbaum & Associates, L.L.C., Charles I. Richman, Blake L. Berenbaum,

and Ellis Cook,  for the underlying claim asserted against them by Reuben Klugman.  In support

therefore, Carolina Casualty submits its Memorandum Of Law In Support of Defendant's Motion

for Summary Judgment, and Exhibits A-D

                             Respectfully submitted:

                             MARSHALL, DENNEHEY, WARNER,
                             COLEMAN  & GOGGIN

                             By:_____
                                   STEVEN J. POLANSKY, ESQUIRE
                                   Attorney for Defendant/Counterclaimant
                                   Carolina Casualty Insurance Company

Steven J. Polansky, Esquire
Attorney I.D. # 34758
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002
(856) 414-6000

Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797
(215) 575-2600

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
**BOLLINGER, RUBERRY & GARVEY**
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM and ELLIS COOK, | ) ) ) ) ) | | |
| Plaintiffs | ) ) | No. | 02-CV-3195 |
| vs. | ) ) | | |
| CAROLINA CASUALTY INSURANCE COMPANY. | ) ) ) | | |
| Defendants | ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Carolina Casualty Company (**"Carolina"**), submits the following Memorandum of Law In Support of Carolina's Motion for Summary Judgment that the underlying claim asserted against Plaintiffs, Richman, Berenbaum & Associates, L.L.C., Charles I. Richman, Blake L. Berenbaum, and Ellis Cook (hereinafter, collectively, "Richman Berenbaum"), by Reuben Klugman ("Klugman") is not covered under the policy of insurance issued to Richman Berenbaum by Carolina.

**I.    INTRODUCTION**

Pennsylvania federal courts, as well as courts in other jurisdictions that have evaluated the issue, concur that no coverage is afforded under professional liability policies for any claim if the insured, prior to the effective date of the policy, knew of acts, errors, omissions or circumstances that it also knew, or could have reasonably foreseen, might be expected to be the basis of a claim.   The applicable analysis is an objective one and, therefore,  the appropriate

inquiry is whether a reasonable attorney, on notice of the given circumstances, could have foreseen that a claim might be expected to result.

As detailed below, it is undisputed that Richman, Berenbaum were aware, prior to policy inception, that summary judgment was entered against their client, Klugman, based upon legal advice provided by Richman, Berenbaum to Klugman.    Also prior to policy inception, Richman, Berenbaum received a letter from Klugman notifying Richman Berenbaum of a potential claim against for them for professional negligence in connection with their representation of Klugman.  At that point, Richman Berenbaum clearly knew, and/or any reasonable attorney could have foreseen a potential claim based upon their representation of Klugman.  Both the subjective and objective standards are therefore met, and the Klugman claim is not within the scope of coverage provided by the Carolina Policy.

## II.    STATEMENT OF UNDISPUTED FACTS

The material facts in this case are undisputed.  Klugman retained Richman Berenbaum and/or its predecessor on or about February of 1988 to provide legal services concerning Klugman's acquisition of certain parcels of real property located in Broward County, Florida. Klugman purchased the properties from Charles W. Kelsey, or corporations owned by him.  As part of the purchase, Klugman entered into long-term lease agreements with Kelsey and/or his corporations, which provided Kelsey with options to repurchase the properties, and provided a schedule of rentals and rent escalations designed to act as an incentive for Kelsey to reacquire the properties from Klugman.  *Carolina Counterclaim[1], ¶9.*

---

[1]Richman, Berenbaum did not file an answer to Carolina's Counterclaim, filed on May 30, 2002. Averments in a pleading are admitted when not denied  a responsive pleading.  Fed.R.Civ.P. 8(d).

After Kelsey defaulted in the payment of rent, Kelsey brought suit against Klugman alleging, in part, that the transactions were, in fact, a loan, and that the rate of return was criminally usurious under Fla. Stat. '687.071.   Other related actions were brought in the Circuit Court of the 17th Judicial Circuit, Broward County, Florida, including *Nationsbank v. Klugman, et al.*, no. 97-6963, and *The Kelsey Group v. Klugman v. Kelsey, et al.*, no. 97-8597. *Carolina Counterclaim, ¶10.*

On April 6, 1999, Judge J. Leonard Fleet entered summary judgment in favor of Kelsey and against Klugman.  Fleet held that the net lease and options to purchase contained escalated options that were criminally usurious pursuant to the statute.  As a result, Klugman  lost principal and any future returns on the investment.   *Carolina Counterclaim, ¶11.*

On April 21, 1999,  Klugman's counsel sent a letter to Ellis Cook at Richman Berenbaum advising him of a potential claim of professional negligence regarding his representation of Klugman.  In the letter, Klugman's counsel stated "Specifically, it is our request that you identify for us and notify your professional negligence carrier or carriers of the following particulars in which Reuben Klugman was or may have been provided professional services and advice that fell below an applicable standard of care." A true and accurate copy of the Notice of Potential Claim Letter was attached to Carolina's Counterclaim as  Exhibit A, and is attached hereto as Exhibit A. *See also Carolina Counterclaim, ¶12.*

After receipt of the notice of potential claim letter, neither Cook, nor Richman Berenbaum placed any insurer on notice of the potential claim. *Carolina Counterclaim, ¶13.*

In January of 2000, Carolina Casualty issued to Richman, Berenbaum & Associates, P.C. and Richman & Berenbaum, P.C. claims made and reported Lawyers Professional Liability Policy no. 9251425 for the policy period of January 21, 2000 to January 21, 2001.   A true and accurate

5

copy of the Carolina Policy was attached to Carolina's Counterclaim as Exhibit B, and is attached hereto as Exhibit B. *See also Carolina Counterclaim, ¶14.*

The Carolina policy contains the following Insuring Agreement:

> In consideration of the payment of the premium, and in reliance on all statements in the Proposal and all other information provided to the Insurer, and subject to all of the provisions of this Policy, the Insurer agrees with the Insured to:

> A.    Pay on behalf of the Insured, all sums in excess of the Deductible amount stated in Item 4 of the Declarations, that the Insured shall become legally obligated to pay, as Damages, as the result of Claims first made against the Insured during the Policy Period:

>> 1.    by reason of any act, error, or omission in Professional Services rendered, or that should have been rendered by the Insured, or by any person for whose acts, errors or omissions the Insured is legally responsible, and arising out of the conduct of the Insured's profession as a lawyer or notary public;

>> \* \* \*

> B.    *Provided always that such act, error, omission or Personal Injury occurs:*

>> 1.    during the Policy Period and is reported to the Insurer during the Policy Period; or

>> 2.    *prior to the Policy Period, provided that prior to the effective date of this Policy:*

>> 3.    a.    the Insured did not give notice to any prior insurer of any such act, error, omission or Personal Injury; and

>>> b.    *the Insured did not know, or could not have reasonably foreseen that such act, error, or omission might be the basis of a Claim;* and

>>> c.    there is no prior policy or policies which provide insurance for such liability or Claim, . . .

>> \* \* \*

*See Carolina Policy, Exhibit B.*

In or about August of 2000, Klugman filed a civil action against Ellis Cook, Charles I. Richman, Blake L. Berenbaum, Jeffrey L. Rudnick and Richman & Berenbaum, P.C., formerly known as Richman, Rudnick & Berenbaum, P.C., no. 00-012739, in the Circuit Court, Broward County, Florida ("the Klugman claim"). The complaint asserts a cause of action against the defendants for professional negligence, based on their representation of Klugman in connection with the Kelsey lease agreements. *Carolina Counterclaim, ¶15.*

Upon receipt of a copy of the complaint, Carolina Casualty agreed to defend Cook and Richman Berenbaum subject to a reservation of rights. *Carolina Counterclaim, ¶16.* On or about May of 2001, the complaint was amended. A true and accurate copy of the Klugman Amended Complaint was attached to Carolina's Counterclaim as Exhibit C, and is attached hereto as Exhibit C. *See also Carolina Counterclaim, ¶17.* Paragraph 19 of the Amended Complaint stated that "Ellis Cook participated individually and as an employee/agent of defendant Richman Firm after receiving notice of this claim of professional negligence on April 21, 1999." *Carolina Counterclaim, ¶17.*

Subsequently, Carolina Casualty issued a supplemental reservation of rights letter, and requested an explanation and/or information from Richman Berenbaum regarding its apparent prior knowledge of the suit. After corresponding with Richman Berenbaum, Cook agreed to allow Carolina Casualty to review the defense files with regard to the Kelsey matter. On February 5, 2002, after review of the defense counsel file, Carolina Casualty first received a copy of the Notice of Potential Claim Letter. *Carolina Counterclaim, ¶18.*

As it is undisputed that Richman, Berenbaum knew of the these circumstances prior to inception of the Carolina Policy, the only issue before this Court is whether reasonable minds could differ on the issue of whether an attorney's receipt of a letter from his client advising him a potential malpractice claim constitutes circumstances that the attorney knew or could reasonably foresee might be the basis of a claim against him. Carolina submits that Richman, Berenbaum's subjective awareness of the potential Klugman claim is clear from the undisputed evidence that Richman, Berenbaum received a letter from Klugman specifically advising them of the potential claim. Alternatively, Carolina submits that no reasonable attorney, on notice of these circumstances, would be unable to foresee that his acts, errors or omissions *might* be the basis of a claim. The Klugman claim is therefore outside the scope of coverage provided by the Carolina Policy, and Carolina has no obligation to defend or indemnify Richman, Berenbaum for this claim.

## III.    ARGUMENT

### A.    The Carolina Policy Does Not Apply If The Insured Was Aware, Prior To Policy Inception, Of Any Acts, Errors or Omissions Which Place The Insured On Subjective Or Objective Notice Of A Potential Claim.

The Carolina Policy contains clear and ambiguous language limiting the scope of coverage as to claims arising from acts, errors or omissions occurring prior to inception of the Carolina Policy, if the Insured knew or could have reasonably foreseen that any such events might be expected to be the basis of a claim. Specifically, the Carolina Policy Insuring Agreement states, in pertinent part, that the insurance applies to claims first made against the Insured during the policy period:

> 1.    by reason of any act, error, or omission in Professional Services rendered, or that should have been rendered by the Insured, or by any person for

8

whose acts, errors or omissions the Insured is legally
responsible, and arising out of the conduct of the
Insured's profession as a lawyer or notary public;

\* \* \*

B.    *Provided always that such act, error, omission or Personal Injury*
*occurs:*

1.    during the Policy Period and is reported to the
Insurer during the Policy Period; or

2.    *prior to the Policy Period, provided that prior to the*
*effective date of this Policy:*

3.    a.    the Insured did not give notice to any prior
insurer of any such act, error, omission or
Personal Injury; and

b.    **the Insured did not know, or could**
**not have reasonably foreseen that**
**such act, error, or omission might be**
**the basis of a Claim; and**

c.    there is no prior policy or policies which provide insurance
for such liability or Claim, . . .

\* \* \*

(*emphasis added*).

The language applies where the insured subjectively knows of circumstances, prior to

policy inception, that might result in a claim. Alternatively, the language also applies when an

insured "could have reasonably foreseen" that an act, error or omission might be the basis of a

claim or suit - an objective test. In other words, even if the Insured was not subjectively aware of a

possible claim, the language still applies if a reasonable attorney, on notice of his error, could

foresee that a claim or suit might result. *See, e.g., Coregis Ins. Co. v. Wheeler*, 24 F.Supp.2d 475

(E.D.Pa. 1998); *Selko v. Home*, 139 F.3d 146, 151-52 (3rd Cir. 1998); *Mt. Airy Ins. Co. v.*

*Thomas*, 954 F.Supp. 1073, 1080 (W.D.Pa. 1997), *aff'd without opinion*, 149 F.3d 1165 (3rd Cir.

9

1998); *Pelagatti v. Mt. Airy Ins. Co.*, 1996 WL 184474 (No. 95-2925, E.D.Pa. April 10, 1996)[2]; *Home Ins. Co. v. Powell*, 1997 WL 370109, No. 95-6305 (E.D.Pa. June 14, 1997), *aff'd*, 156 F3d 1224 (1998).

Moreover, the language does not require that the filing of a later claim be probable, certain or even meritorious. The language applies whenever the Insured is aware of an act, error or omission that *might* result in a claim.

The language therefore broadly applies to preclude coverage for any claims arising out of circumstances known to the insured prior to policy inception, if a reasonable attorney on notice of the facts could have foreseen that a claim might be expected to result. The "objective" standard embodied in the language of the policy is designed to ensure that an attorney will not undertake his or her own analysis of the likelihood, or merits of a potential claim, as recognized by the Third Circuit in *Selko.* In *Selko*, the issue was coverage under an attorneys malpractice policy which similarly covered claims for errors or omissions occurring prior to the policy only if "the insured had no basis to believe that the insured had breached a professional duty." *Selko*, at 149. The attorney in *Selko* had engaged in a pattern of misappropriating settlement funds owed to Selko over a period of several years. Selko ultimately discharged the attorney and requested disgorgement of the funds previously held on account by the attorney. Despite these requests, Selko's attorney failed to remit any funds.

In enforcing the "prior knowledge" limitation on coverage against the insured, the *Selko* court held:

---

2        A copy of all non-published and extra jurisdiction cases cited in this opinion are attached hereto as exhibit D.

> [T]he plain language of the exclusion calls for a two stage analysis. First, it must be shown that the insured knew of certain facts. Second, in order to determine whether the knowledge actually possessed by the insured was sufficient to create a "basis to believe", it must be determined that a reasonable lawyer in possession of such facts would have had a basis to believe that the insured had breached a professional duty. That the insured denies recognizing such a basis on grounds of ignorance of the law, oversight, psychological difficulties, or other personal reasons is immaterial...the insured may not successfully defend on the ground that he was uniquely unaware of ethical or fiduciary principles that all lawyers would know or that he did not understand the implications of conduct and events that any reasonable lawyer would have grasped.

*Selko*, at 152.

Although the *Selko* Court interpreted a provision containing slightly different language, its analysis and reasoning are applicable here. *See, e.g., Coregis v. Wheeler*, 24 F.Supp.2d 475, 479 (E.D.Pa. 1998), *Brownstein & Washko* 2002WL 1745910 (E.D. Pa. July 24, 2002). *See also Thomas*.

The *Thomas* court likewise distinguished between facts which are known to an attorney, which *facts*, when viewed by a reasonable person, could give rise to a claim of malpractice, and *impressions* which lead the attorney to believe that the client will not pursue a claim for malpractice. As to the latter, the court stated that the subjective impression or belief of the attorney, based upon his perceived relationship with his client or otherwise, as to whether the client will actually pursue a malpractice claim against him falls into the second category, which category is irrelevant to the applicability of the objective standard. *See also Wheeler; Brownstein; Coregis Ins. Co. v. Baratta & Fenerty*, 264 F.3d 302 (3rd Cir. 2001).

Based upon these standards, courts in numerous jurisdictions have overwhelmingly agreed that where an insured is undisputedly on notice of the acts, errors, omissions or circumstances that objectively form the basis of a claim or suit, the insurer is entitled to a

judgment of no coverage as a matter of law. *Baratta; Thomas. See also Home Indem . Co. v. Toombs*, 910 F.Supp. 1569 (N.D.Ga. 1995); *Tewell, Thorpe & Findlay, P.S. v. Continental Cas. Co.*, 64 Wash.App. 571, 825 P.2d 724 (1992) (suit against insured law firm was reasonably foreseeable); *American Continental Ins. Co. v. Marion Memorial Hosp.*, 773 F.Supp. 1148 (S.D.Ill. 1991) (hospital could have reasonably foreseen that attorney's request for medical records of a client that suffered a difficult birth at the hospital "might" be expected to result in a claim or suit"); *Int'l Ins. Co. v. Peabody Int'l Corp.*, 747 F.Supp. 477 (N.D.Ill. 1990) (an engineering firm had objective knowledge of the alleged 'acts, errors or omissions that ultimately erupted as the . . . claim").

> **B.    The Carolina Policy Does Not Provide Coverage For The Klugman Claim As A Matter Of Law Because Richman Berenbaum Undisputedly Knew, Prior To Policy Inception, Of Acts, Errors, Omissions That It Knew,  Or Could Have Reasonably Foreseen, Might Result In A Claim**

The Klugman claim is outside the scope of coverage because prior to inception of the Carolina Policy, Richman, Berenbaum knew of acts, errors, or omissions that they also knew, or could have reasonably foreseen, might be the basis of a claim.

It is undisputed that, prior to inception of the Carolina Policy, Richman Berenbaum knew that Klugman had been sued in multiple actions in relation to transactions that depended on the counsel and advice of the firm.  Also prior to policy inception,  Klugman's counsel  placed Richman Berenbaum on notice of the potential for a malpractice claim and advised Richman Berenbaum to place their malpractice carrier on notice.

Given this overwhelming information known at the inception of the Carolina policy, Carolina submits that Richman Berenbaum had actual, subjective knowledge of a potential

claim, thereby negating coverage.  Alternatively,  Carolina submits that any reasonable attorney, on notice of these circumstances, could be left with no other conclusion than that a malpractice claim *might* be asserted by Klugman against Richman Berenbaum.  In fact, the notice of potential claim says exactly that: a claim *might* be made.  The facts relied upon by the courts in *Thomas, Selko, Baratta & Fenerty*, and *Brownstein & Washko* to find an objective belief that a claim might be made were largely circumstantial.  Here, the Notice of Potential Claim letter puts the "objective belief" requirement of the *Selko* test over the top: the undisputed facts known to Richman Berenbaum at the inception of the Carolina policy would lead any reasonable person to believe that Klugman ***might*** assert a claim for malpractice.   As such, there is no coverage for the Klugman claim and Carolina is entitled to summary judgment as a matter of law.

## III.    CONCLUSION

For all of the foregoing reasons, Carolina Casualty Insurance Company respectfully requests that this Honorable Court grant  summary judgment in its favor, declaring that Carolina has no obligation to defend or indemnify Plaintiffs, Richman, Berenbaum & Associates, L.L.C., Charles I. Richman, Blake L. Berenbaum, and Ellis Cook for the claim asserted against them by Reuben Klugman.

Respectfully submitted:

MARSHALL, DENNEHEY, WARNER,
COLEMAN  & GOGGIN

By:_____
        STEVEN J. POLANSKY, ESQUIRE
        Attorney for Defendant/Counterclaimant
        Carolina Casualty Insurance Company

13

Steven J. Polansky, Esquire
Attorney I.D. # 34758
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002
(856) 414-6000

Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-4797
(215) 575-2600

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
**BOLLINGER, RUBERRY & GARVEY**
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHMAN, BERENBAUM & ASSOCIATES, P.C.; CHARLES I. RICHMAN, ESQ.; BLAKE L. BERENBAUM, ESQ.; ELLIS COOK, ESQ.; JEFFREY L. RUDNICK, ESQ;** )<br><br>Plaintiffs, )<br><br>v. )<br><br>**CAROLINA CASUALTY INSURANCE COMPANY,** )<br><br>Defendant. ) | No. 02-CV-3195 |

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on March 14, 2003,  the original of Carolina Casualty Company's Motion for Summary Judgment was hand delivered for filing to the Clerk of the U.S. District Court of the Eastern District of Pennsylvania and copies forwarded to the following interested persons via regular mail:

**NAME AND ADDRESS**

Ellis Cook, Esquire
2200 Walnut Street
Philadelphia, PA  19103

Reed A. Bryan, Esquire
P.O. Box 2466
Fort Lauderdale, FL  33303-2466

Walter Weir, Jr., Esquire
WEIR & PARTNERS, LLP
1339 Chestnut Street, Suite 500
Philadelphia, PA  19107

Jan Fink Call, Esquire
HOYLE, MORRIS & KERR LLP
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA  19103

Reuben Klugman, Individually and as Trustee of
 The Reuben Klugman Trust
16733 Gulf View Drive
Weston, FL  33326

Michelle M. Bracke, Esquire
BOLLINGER, RUBERRY & GARVEY

15

500 West Madison Street, Suite 2300             Chicago, IL  60661-2511


     I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the forgoing statements made by me are willfully false, I am subject to punishment.


_____

DENISE MEDINA