## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM and ELLIS COOK, | ) ) ) ) ) | | |
| Plaintiffs | ) ) | No. | 02-CV-3195 |
| vs. | ) ) | | |
| CAROLINA CASUALTY INSURANCE COMPANY; and REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST, | ) ) ) ) ) | | |
| Defendants | ) | | |

## CAROLINA'S MOTION TO STRIKE THE AFFIDAVIT OF REED BRYAN, ESQ.

Defendant/Counter-Plaintiff, Carolina Casualty Insurance Corporation ("Carolina"), hereby moves to strike the Affidavit of Reed Bryan, Esq., because (1) Bryan's testimony is barred because Bryan was not disclosed as a potential witness pursuant to Fed.R.Civ.P.26; and (2) Bryan's affidavit contains inadmissible testimony. In support thereof, Carolina submits the attached Memorandum of Law In Support of Carolina's Motion To Strike The Affidavit Of Reed Bryan, Esq.

WHEREFORE, Carolina Casualty Company respectfully requests that this Honorable

Court strike the Affidavit of Reed Bryan, Esq., and award such other relief as this Court deems

appropriate.

Respectfully submitted:

MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN


By:_____
     Steven J. Polansky, Esquire


Steven J. Polansky, Esquire
PA I.D. #34758
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002

1845 Walnut Street
Philadelphia, PA 19103-4797
(856) 414-6014

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM and ELLIS COOK, | ) ) ) ) ) | |
| Plaintiffs | ) ) | No.    02-CV-3195 |
| vs. | ) ) | |
| CAROLINA CASUALTY INSURANCE COMPANY; and REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST, | ) ) ) ) ) | |
| Defendants | ) | |

**CAROLINA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE THE AFFIDAVIT OF REED BRYAN, ESQ.**

Defendant/Counter-Plaintiff, Carolina Casualty Insurance Corporation ("Carolina"), for its Memorandum of Law in Support of Its Motion to Strike the Affidavit of Reed Bryan, Esq., hereby states as follows:

**I.    INTRODUCTION**

As detailed below, Richman, Berenbaum's failure to serve Rule 26 disclosures should preclude Richman, Berenbaum from now presenting any witnesses in defense of Carolina's counterclaim.  Accordingly, as Bryan's testimony cannot be admissible at trial, such testimony should not be considered for summary judgment purposes.  Alternatively, Bryan's affidavit, or at least portions of the affidavit, should be stricken because the affidavit cannot meet the requirements of Fed.R.Civ.P. 56.

**II.    BACKGROUND**

The pending action is a declaratory action filed by Richman, Berenbaum & Associates, L.L.C., Charles I. Richman, Blake L. Berenbaum, and Ellis Cook (hereinafter, collectively "Richman, Berenbaum") on April 17, 2003.

On May 30, 2002, Carolina filed a counterclaim, seeking a ruling as to whether Carolina has any duty to defend or indemnify Richman, Berenbaum for an underlying claim made against them by Reuben Klugman ("Klugman").  Richman, Berenbaum did not file an answer to Carolina's counterclaim, nor otherwise assert any affirmative defenses.  Richman, Berenbaum also did not serve their mandatory disclosures under Fed.R.Civ.P. 26.

On March 11, 2003, Carolina filed its motion for summary judgment, seeking a ruling that the Klugman claim is outside the scope of the Insuring Agreement of the Carolina Policy. The precise issue before this Court is whether, prior to policy inception, Richman, Berenbaum knew of acts, errors or omissions that Richman, Berenbaum also knew, or could have reasonably foreseen, might be the basis of a claim.  One document submitted in support of the motion for summary judgment is an April 21, 1999 letter sent to Ellis Cook, Esq. from Reed Bryan, Esq., counsel for Reuben Klugman, wherein Bryan places Cook on notice of a potential claim against Cook by Reuben Klugman for professional negligence.

In response to Carolina's motion, Richman, Berenbaum offered the affidavit of Reed Bryan.  In the affidavit, Bryan  testifies regarding the alleged subjective thoughts, emotions, and intentions of a third party, Reuben Klugman.  Bryan also testifies regarding alleged statements made by Klugman to Bryan, and to another third party, Ellis Cook.    *See, e.g., Affidavit,* ¶¶*5,6,7,9,10.*  Richman, Berenbaum did not obtain an affidavit from the declarant, Klugman and, indeed, has advised the Court that it cannot obtain the declarant's testimony.   Richman,

4

Berenbaum offers this testimony to demonstrate that, in fact, Klugman did not intend the letter to be a notice of potential claim. *See Richman, Berenbaum Memorandum, Statement of Facts,* ¶*7-8.*

Lastly, Bryan's affidavit contains testimony regarding matters as to which Cook lacks any personal knowledge, and to which Bryan is not competent to testify. *See, e.g., Affidavit*, ¶*6.*

## III.    ARGUMENT

Fed.R.Civ.P.  37 (c) (1) provides that a party that,  without substantial justification,  fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Richman, Berenbaum failed to comply with Fed.R.Civ.P. 26, and never disclosed any witnesses, or other evidence to Carolina, and did not advise Carolina of its defenses to Carolina's counterclaim.  Instead,  Richman, Berenbaum waited until the discovery period closed, and dispositive motions were filed, and now seeks  to introduce new witness testimony by way of affidavit.   Richman, Berenbaum did not file a motion for leave, or otherwise offer any justification for its failure to comply with Rule 26, or even to answer Carolina's counterclaim. Accordingly, pursuant to Fed.R.Civ.P. 37, Richman, Berenbaum should not be permitted to use such witness testimony, and the affidavit of Reed Bryan, Esq. should be stricken from the record. *See, e.g., Protocomm Corp. v. Novell Advanced Services*, no. CIV.A. 93-0518,  1997 WL 83731 (E.D.Pa. Feb. 26, 1997).

Alternatively, the affidavit should also be stricken because it cannot meet the requirements of Fed.R.Civ.P. 56. Affidavits opposing summary judgment motions must be made on personal knowledge, must set forth facts admissible in evidence, and must show affirmatively that the affiant is competent to testify as to the matters stated therein. Fed.R.Civ.P. 56 (e). Therefore, portions of affidavits containing inadmissible hearsay, or other inadmissible evidence, should be disregarded. *See, e.g., Keating v. Bucks County Water & Sewer,* no. CIV.A.99-1584, 2000 WL 1888770 (E.D.Pa. Dec. 29, 2000); *Bowdoin v. Oriel*, no. CIV.A. 98-5539, 2000 WL 134800 (E.D.Pa. Jan. 28, 2000).

Bryan's affidavit contains testimony regarding alleged out-of-court statements by a third party, Reuben Klugman,  offered to prove the truth of the matter asserted.   Bryan also offers testimony regarding the subjective intent, beliefs, emotions, and mental state of a third party, although Bryan is not competent to testify as to these matters.  This testimony could not be presented at trial through direct testimony  because it is Klugman, and not Bryan,  that is the alleged declarant, and subject of the testimony.  Accordingly, Carolina submits that the affidavit does not set forth facts that could be admissible at trial, and should be stricken. *See, e.g., Kapetanovich v. Rockwell In'tl, Inc.*, no. 92-3018,  1994 WL 530912 (3rd Cir. July 15, 1992).

**IV.    CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Carolina Casualty Insurance Company

respectfully requests that this Honorable Court strike the affidavit of Ellis Cook, Esq.

Respectfully submitted:

MARSHALL, DENNEHEY, WARNER,
      COLEMAN & GOGGIN


By:_____
      Steven J. Polansky, Esquire


Steven J. Polansky, Esquire
PA I.D. #34758
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002

1845 Walnut Street
Philadelphia, PA 19103-4797
(856) 414-6014

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM; and ELLIS COOK, | ) ) ) ) ) | | |
| Plaintiffs | ) ) | No. | 02-CV-3195 |
| vs. | ) ) | | |
| CAROLINA CASUALTY INSURANCE COMPANY; REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST; and JEFFREY L. RUDNICK; | ) ) ) ) ) | | |
| Defendants | ) | | |

## ORDER

**AND NOW,** on this _____ day of _____,    2003,    upon consideration of Defendant Carolina Casualty Insurance Company's Motion to Strike the Affidavit of Reed Bryan, Esquire;

It is hereby **ORDERED** that the this Honorable Court strike the Affidavit of Reed Bryan, Esquire and such other relief as the Court deems appropriate.

**BY THE COURT:**

_____
                                                              **J.**

8