IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM and ELLIS COOK, | ) ) ) ) ) | |
| Plaintiffs | ) ) | No.   02-CV-3195 |
| vs. | ) ) | |
| CAROLINA CASUALTY INSURANCE COMPANY; and REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST, | ) ) ) ) ) | |
| Defendants | ) | |

**CAROLINA'S MOTION TO STRIKE THE AFFIDAVIT OF ELLIS COOK, ESQ.**

Defendant/Counter-Plaintiff, Carolina Casualty Insurance Corporation ("Carolina"), hereby moves to strike the Affidavit of Ellis Cook, Esq., because (1) Cook's testimony is barred because Cook was not disclosed as a potential witness pursuant to Fed.R.Civ.P.26; and (2) Cook's testimony contains inadmissible hearsay.  In support thereof, Carolina submits the attached Memorandum of Law In Support of Carolina's Motion To Strike The Affidavit Of Ellis, Cook, Esq.

WHEREFORE, Carolina Casualty Company respectfully requests that this Honorable Court strike those portions of Plaintiffs/Counter-Defendants' Memorandum which are

unsupported by any evidence, and award such other relief as this Court deems appropriate.

                Respectfully submitted,

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN


                By:_____
                    STEVEN J. POLANSKY, ESQUIRE
                    Attorneys for Defendant, Carolina Casualty Ins. Co.


Steven J. Polansky, Esquire
PA I.D. #34758
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002
(856) 414-6000
1845 Walnut Street
Philadelphia, Pennsylvania 19103-4797


Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM and ELLIS COOK, ) ) ) ) ) | | |
| Plaintiffs ) | No. | 02-CV-3195 |
| ) vs. ) ) | | |
| CAROLINA CASUALTY INSURANCE COMPANY; and REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST, ) ) ) ) ) | | |
| Defendants ) | | |

### <u>CAROLINA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE THE AFFIDAVIT OF ELLIS COOK, ESQ.</u>

Defendant/Counter-Plaintiff, Carolina Casualty Insurance Corporation ("Carolina"), for its Memorandum of Law in Support of Its Motion to Strike the Affidavit of Ellis Cook, Esq., hereby states as follows:

### I.  INTRODUCTION

As detailed below, Richman, Berenbaum's failure to serve Rule 26 disclosures should preclude Richman, Berenbaum from now presenting any witnesses in defense of Carolina's counterclaim.  Accordingly,  as Cook's testimony cannot be admissible at trial, such testimony should not be considered for summary judgment purposes.  Alternatively,  Cook's affidavit, or at least portions of the affidavit, should be stricken because the affidavit contains inadmissible hearsay.

### II.  BACKGROUND

3

The pending action is a declaratory action filed by Richman, Berenbaum & Associates, L.L.C., Charles I. Richman, Blake L. Berenbaum, and Ellis Cook (hereinafter, collectively "Richman, Berenbaum") on April 17, 2003.

On May 30, 2002, Carolina filed a counterclaim, seeking a ruling as to whether Carolina has any duty to defend or indemnify Richman, Berenbaum for an underlying claim made against them by Reuben Klugman ("Klugman"). Richman, Berenbaum did not file an answer to Carolina's counterclaim, nor otherwise assert any affirmative defenses. Richman, Berenbaum also did not serve their mandatory disclosures under Fed.R.Civ.P. 26.

On March 11, 2003, Carolina filed its motion for summary judgment, seeking a ruling that the Klugman claim is outside the scope of the Insuring Agreement of the Carolina Policy. The precise issue before this Court is whether, prior to policy inception, Richman, Berenbaum knew of acts, errors or omissions that Richman, Berenbaum also knew, or could have reasonably foreseen, might be the basis of a claim. One document submitted in support of the motion for summary judgment is an April 21, 1999 letter sent to Ellis Cook, Esq. from Reed Bryan, Esq., counsel for Reuben Klugman, wherein Bryan places Cook on notice of a potential claim against Cook by Reuben Klugman for professional negligence.

In response to Carolina's motion, Richman, Berenbaum offered the affidavit of Ellis Cook. In the affidavit, Cook testifies regarding alleged conversation with Klugman, wherein Klugman allegedly advised Cook that "the purpose of the April 21, 1999 letter was not a claim of legal malpractice, but a 'vehicle' to insure my presence at a Mediation Conference to be held in Broward, Florida in July 1999." *Affidavit, ¶5*. Richman, Berenbaum did not obtain an affidavit from the declarant and, indeed, has advised the Court that it cannot obtain the

declarant's testimony. Richman, Berenbaum offers this testimony to demonstrate that, in fact, Klugman did not intend the letter to be a notice of potential claim. *See Richman, Berenbaum Memorandum, Statement of Facts, ¶7-8.*

Cook also testifies in the affidavit that Klugman "advised me that [he] was satisfied with the result of the Mediation and any possible claims against Ellis Cook, and/or Richman, Berenbaum had been abandoned." *Affidavit, ¶8.* Richman, Berenbaum offers this statement to demonstrate that Klugman had no intention of suing Cook, and that Klugman believed his claim to be abandoned. *Richman, Berenbaum Memorandum, Statement of Facts, ¶10.*

In addition to those attestations, Cook also testifies regarding alleged statements made by an unidentified person regarding Carolina Casualty's alleged refusal to participate in a mediation. *Affidavit, ¶¶16,17.* Richman, Berenbaum did not obtain an affidavit from the alleged declarant. Richman, Berenbaum offers this statement to attempt to prove that Carolina refused to participate in the mediation. *Richman, Berenbaum Memorandum, Conclusion, ¶¶20-22.*

Similarly, Cook also testifies regarding statements purportedly made by his defense counsel regarding defense strategy in the underlying case. *Affidavit, ¶21.* Richman, Berenbaum did not obtain an affidavit from the alleged declarant. This statement is offered to prove the alleged defense strategy in the underlying case. *Richman, Berenbaum Memorandum, Statement of Facts, ¶29[1], 33, 34.* Lastly, Cook's affidavit contains testimony regarding matters as to which Cook lacks any personal knowledge. *Affidavit, ¶12; 19.*

---

[1]The Memorandum provided to Carolina by Richman, Berenbaum does not contain ¶¶30-32 of the Statement of Facts.

**III.    ARGUMENT**

Fed.R.Civ.P. 37(c)(1) provides that a party that, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Richman, Berenbaum failed to comply with Fed.R.Civ.P. 26, and never disclosed any witnesses, or other evidence to Carolina. Instead, Richman, Berenbaum waited until the discovery period closed, and dispositive motions were filed, and now seeks to introduce new witness testimony by way of affidavit. Richman, Berenbaum did not file a motion for leave, or otherwise offer any justification for its failure to comply with Rule 26, or even to answer Carolina's counterclaim. Accordingly, pursuant to Fed.R.Civ.P. 37, Richman, Berenbaum should not be permitted to use such witness testimony, and the affidavit of Ellis Cook, Esq. should be stricken from the record. *See, e.g., Protocomm Corp. v. Novell Advanced Services*, no. CIV.A. 93-0518, 1997 WL 83731 (E.D.Pa. Feb. 26, 1997).

Alternatively, the affidavit should also be stricken because it contains inadmissible hearsay. Affidavits opposing summary judgment motions must be made on personal knowledge. Fed.R.Civ.P. 56 (e). Likewise, portions of affidavits containing inadmissible hearsay should be disregarded. *See, e.g., Keating v. Bucks County Water & Sewer,* no. CIV.A.99-1584, 2000 WL 1888770 (E.D.Pa. Dec. 29, 2000); *Bowdoin v. Oriel*, no. CIV.A. 98-5539, 2000 WL 134800 (E.D.Pa. Jan. 28, 2000).

Cook's affidavit contains Cook's testimony regarding alleged out-of-court statements by a third party, Reuben Klugman offered to prove the truth of the matter asserted. This testimony

6

could not be presented at trial through direct testimony because it is Klugman, and not Cook, that is the alleged declarant. Accordingly, Carolina submits that the affidavit contains inadmissible hearsay, and should be stricken. *See, e.g., Kapetanovich v. Rockwell In'tl, Inc.*, no. 92-3018, 1994 WL 530912 (3rd Cir. July 15, 1992).

IV.   **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Carolina Casualty Insurance Company respectfully requests that this Honorable Court strike the affidavit of Ellis Cook, Esq.

Respectfully submitted:

MARSHALL, DENNEHEY, WARNER,
   COLEMAN & GOGGIN


By:_____
   STEVEN J. POLANSKY, ESQUIRE
   Defendant Carolina Casualty Insurance Co.


Steven J. Polansky, Esquire
PA I.D. #34758
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey 08002

1845 Walnut Street
Philadelphia, PA 19103-4797
(856) 414-6014

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM; and ELLIS COOK, | ) ) ) ) ) | |
| Plaintiffs | ) ) | No.   02-CV-3195 |
| vs. | ) ) | |
| CAROLINA CASUALTY INSURANCE COMPANY; REUBEN KLUGMAN, INDIVIDUALLY AND AS TRUSTEE OF THE REUBEN KLUGMAN TRUST; and JEFFREY L. RUDNICK; | ) ) ) ) ) ) | |
| Defendants | ) | |

## ORDER

**AND NOW,** on this _____ day of _____, 2003, upon consideration of Defendant Carolina Casualty Insurance Company's Motion to Strike the Affidavit of Ellis Cook, Esquire;

It is hereby **ORDERED** that the this Honorable Court strike the Affidavit of Ellis Cook, Esquire and such other relief as the Court deems appropriate.

**BY THE COURT:**

_____
                                                                                                    **J.**