**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM and ELLIS COOK, | ) ) ) ) ) | | |
| Plaintiffs | ) ) | No. | 02-CV-3195 |
| vs. | ) ) | | |
| CAROLINA CASUALTY INSURANCE COMPANY. | ) ) ) | | |
| Defendants | ) ) | | |

## CAROLINA'S MOTION TO STRIKE  PLAINTIFFS' SUPPLEMENTAL RULE 26 DISCLOSURES  OR ALTERNATIVELY, TO CONDUCT ADDITIONAL DISCOVERY

Defendant/Counter-Plaintiff, Carolina Casualty Insurance Corporation ("Carolina"), hereby moves to strike Plaintiffs' Supplemental Rule 26 Disclosures or, alternatively, to conduct additional discovery.  In support thereof, Carolina submits the attached Memorandum of Law In Support of Motion To Strike Plaintiffs' Supplemental Rule 26 Disclosures Or, Alternatively, To Conduct Additional Discovery.

WHEREFORE, Carolina Casualty Company respectfully requests that this Honorable Court strike the Rule 26 supplemental disclosures offered by Plaintiffs or, alternatively, grant

1

Carolina leave to conduct the depositions of Ellis Cook, Esq., Reed Bryan, Esq., and Gerald

Klugman, prior to trial.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____

STEVEN J. POLANSKY
ID# 34758
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, New Jersey  08002
1845 Walnut Street
Philadelphia, PA  19103
856-414-6000

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, L.L.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM and ELLIS COOK, | ) ) ) ) ) | | |
| Plaintiffs | ) ) | No. | 02-CV-3195 |
| vs. | ) ) | | |
| CAROLINA CASUALTY INSURANCE COMPANY. | ) ) ) | | |
| Defendants | ) | | |

**CAROLINA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL RULE 26 DISCLOSURES  OR ALTERNATIVELY, TO CONDUCT ADDITIONAL DISCOVERY**

Defendant/Counter-Plaintiff, Carolina Casualty Insurance Corporation ("Carolina"), for its Memorandum of Law in support of Carolina's Motion to Strike Plaintiff's Supplemental Rule 26 Disclosures Or, Alternatively, To Conduct Additional Discovery, states as follows:

**I.    INTRODUCTION**

The present dispute centers on whether Plaintiffs, Richman, Berenbaum & Associates, L.L.C., Charles I. Richman, Blake L. Berenbaum and Ellis Cook (hereinafter, collectively, "Richman, Berenbaum") are entitled to insurance coverage under a professional liability policy issued to Richman, Berenbaum by Defendant, Carolina for the claims made and reported policy period of January 21, 2000 to January 21, 2002.

During the policy period, Richman, Berenbaum were sued by Reuben Klugman for alleged malpractice.  Carolina defended the matter under a reservation of rights and, while

1

defending the claim, became aware that Richman, Berenbaum had previously received a notice of potential claim from Klugman.  The notice of potential claim letter was sent to Richman, Berenbaum by Klugman on April 21, 1999 – eight months prior to inception of the Carolina Policy.

 Carolina contends that the Klugman claim is therefore outside the scope of coverage provided by the Carolina Policy, because the Carolina Policy specifically provides that the Policy applies to claims first made during the policy period based upon acts, errors or omission in professional services rendered, or that should have been rendered, provided that, prior to the policy period, the insured did not know, or could not have reasonably foreseen that such acts, errors or omissions might be the basis of a claim.

Although Carolina continues to defend Richman, Berenbaum against the Klugman claim, subject to a reservation or rights, Richman, Berenbaum filed the present action, seeking a declaration that Carolina was obligated to continue to defend Richman, Berenbaum.  In response, Carolina filed a counterclaim, seeking a declaration that Carolina has no further obligation to defend Richman, Berenbaum for the Klugman claim, pursuant to the foregoing.

Richman, Berenbaum has shown little interest in pursuing this matter and, in fact, failed to answer Carolina's Counterclaim in any manner.   After the discovery period closed, and Carolina filed a motion for summary judgment, Richman, Berenbaum first attempted to refute its prior judicial admissions,  by admitting contradictory testimony.  Richman, Berenbaum submitted the affidavits of Gerald Klugman, Ellis Cook, and Reed Bryan.  These affidavits contain testimony refuting the import of the notice of potential claim letter, and refuting Cook's knowledge of the potential claim.  Richman, Berenbaum asserted that this testimony creates an

issue of fact, precluding summary judgment.

In response to Carolina's objections to the untimely submission of such testimony, and subsequent to the expiration of the discovery period,  Richman, Berenbaum filed "supplemental" 26 disclosures as to one witness.  Despite Richman, Berenbaum's  complete failure to comply with the Federal Rules, or to otherwise defend against the counterclaim in any manner, Richman, Berenbaum now seeks to offer the testimony of these witnesses at trial, despite the fact that Carolina has had no opportunity to refute their testimony, or to otherwise prepare the case for trial - as undoubtedly intended by Rule 26.  Carolina submits that this result is unfair and prejudicial to Carolina, and should not be allowed by this Court.

## II.    FACTUAL BACKGROUND

On April 17, 2003, Richman, Berenbaum & Associates, L.L.C., Charles I. Richman, Blake L. Berenbaum, and Ellis Cook (hereinafter, collectively "Richman, Berenbaum") filed the instant action for declaratory judgment.

On May 30, 2002, Carolina filed a counterclaim, seeking a ruling as to whether Carolina has any duty to defend or indemnify Richman, Berenbaum for an underlying claim made against them by Reuben Klugman ("Klugman").    In its counterclaim, Carolina asserted, *inter alia*, that "on April 21, 1999, Klugman's counsel sent a letter to Cook at the Berenbaum firm advising him of a potential claim of professional negligence regarding his representation of Klugman."  *See Carolina Counterclaim, ¶12*.  Carolina further asserted that prior to inception of the Carolina Policy on January 21, 2001, "Cook and/or the Berenbaum Firm knew that summary judgment had been rendered against their former client, and knew that their former client had specifically asserted a potential malpractice claim against them."  *See Carolina Counterclaim, ¶22*.

Richman, Berenbaum did not file an answer to Carolina's counterclaim, nor otherwise

3

assert any affirmative defenses.   Accordingly, pursuant to Fed.R.Civ.P. 8(c), the allegations contained in Carolina's counterclaim were admitted as a matter of law.  *See also Skoczylas v. Atlantic Credit & Finance, Inc.*, no. CIVA00-5412, 2002 WL 55298 (E.D.Pa. January 15, 2002).

On February 28, 2003, pursuant to the Order of this Court, the discovery period closed.

On March 11, 2003, Carolina filed the its motion for summary judgment, seeking a ruling that the Klugman claim is outside the scope of the Insuring Agreement of the Carolina Policy. The precise issue before the Court is whether, prior to policy inception, Richman, Berenbaum knew of acts, errors or omissions that Richman, Berenbaum also knew, or could have reasonably foreseen, might be the basis of a claim.   In the motion, Carolina submitted no new evidence, rather, Carolina relied upon Richman, Berenbaum's admissions, and the Notice of Potential Claim Letter, previously attached to the Counterclaim.

In response to Carolina's motion, Richman, Berenbaum submitted affidavits from Reed Bryan, Esq., Ellis Cook, Esq., and Gerald Klugman.   The purpose of the affidavits was to contend that the Notice of Potential Claim letter was not intended to serve as a notice of potential claim, in direct conflict with Richman, Berenbaum's prior admissions.

On April 22, 2003, Carolina filed three motions to strike the affidavits of Reed Bryan, Esq., Ellis Cook, Esq., and Gerald Klugman.  The motions were based on Richman, Berenbaum's failure to previously disclose these witnesses in compliance with Fed.R.Civ.P. 26, and because the affidavits contained inadmissible and/or incompetent testimony.

On May 7, 2003, Richman, Berenbaum filed Rule 26(c) supplemental disclosures. In the disclosure, Richman, Berenbaum first identified Gerald Klugman as a potential witness.

To date, this Court has not ruled on Carolina's motions to strike.  However, on May 22,

4

2003, this Court denied Carolina's motion for summary judgment, and stated that "material issues of fact exist, including whether the September 1999 stipulation and settlement extinguished any and all claims subsequently asserted in the underlying action, or that plaintiffs, here, reasonably could have believed them to have been extinguished in their entirety." Therefore, it is not clear from the Order whether this Court is considering the testimony offered by Plaintiffs.

This matter is set for trial on June 16, 2003[1].

## III.    ARGUMENT

### A.    Plaintiffs' Untimely Rule 26(f) Disclosures Should Be Stricken As Untimely

Richman, Berenbaum's belated disclosure of a witness is untimely, given that the disclosure has been made well past the discovery period. Moreover, the testimony offered by this witness, as evidenced by the affidavits previously submitted in opposition to Carolina's motion, indicate that the intended testimony directly contradicts previous judicial admissions made by Richman, Berenbaum.

Fed.R.37(c) provides, in pertinent part, as follows:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. . .

Here, Richman, Berenbaum failed to respond to Carolina's counterclaim and thus, judicially admitted all of the allegations contained in Carolina's counterclaim. Fed.R.Civ.P. 8.

*See also Skoczylas v. Atlantic Credit & Finance, Inc.*, no. CIVA00-5412, 2002 WL 55298

---

[1] In its Scheduling Order, this Court required Richman, Berenbaum to file pretrial disclosures on or before May 16, 2003, so Carolina could file its response on or before May 27, 2003. However, Richman, Berenbaum failed to do so.

(E.D.Pa. January 15, 2002).  Accordingly, Carolina properly relied on the belief that Richman, Berenbaum did not contest their knowledge of the Klugman potential claim, and/or did not refute the import of the potential claim letter.

The discovery period closed on February 28, 2003.  Subsequently, in March of 2003, Carolina filed a motion for summary judgment.  In response, for the first time, Richman, Berenbaum refuted the factual allegations contained in Carolina's complaint, and submitted the affidavit testimony of three witness who purport to refute the factual allegations contained in Carolina's counterclaim.   After Carolina objected, in May of 2003, Richman, Berenbaum first filed their "supplemental" disclosure of Gerald Klugman.

If Richman, Berenbaum succeeds in its attempt to belatedly name witnesses, in contravention of the federal rules, and this Court's scheduling order, Carolina will be substantially prejudiced.   Carolina has been unfairly surprised and, as a result, afforded no opportunity to conduct any discovery concerning this witness's testimony. Accordingly, Carolina submits that  Richman, Berenbaum's disclosure should be stricken, and/or Richman, Berenbaum should be precluded from offering any such testimony at trial.  *See Fed.R.Civ.P. 37(c). See also Protocomm Corp. v. Novell Advanced Svcs.*, no. CIVA 93-0518, 1997 WL 83731, *7 (E.D.Pa. Feb. 26, 1997).

### B.    Alternatively, If This Court Permits Disclosure Of Witnesses Subsequent To Expiration Of The Discovery Period,  Carolina's Should Be Entitled To Conduct Supplemental Discovery.

Alternatively,  Carolina submits that if the belated disclosure is permitted, and the testimony allowed,  Carolina should be afforded the  opportunity to obtain discovery concerning the supplemental testimony prior to trial.

6

In the affidavit of Gerald Klugman, Klugman testifies regarding purported conversations with his father Reuben Klugman, and Klugman's attorney, Reed Bryan. Klugman also testifies regarding conversations (or the lack of conversations) with Ellis Cook. Specifically, Klugman stated in his Affidavit:

4. My father was relieved at concluding the Kelsey vs. Klugman lawsuit and the July 1999 Mediation and had no intention, at that time, of pursuing any claim against Ellis Cook and so advised Ellis Cook;

6. Ellis Cook had no notice of this position since it was only known to my father, and his attorney and myself;

7. Neither my father, nor his attorney, nor myself discussed with Ellis Cook the initiation of a claim after the July 1999 Mediation/Settlement until the filing of the suit in August of 2000.

Klugman's testimony therefore includes statements regarding purported conversations between Klugman and his father, between Klugman and his father's attorney, Reed Bryan, and between Klugman and Ellis Cook[2]. As such, to properly prepare to refute Klugman's testimony, Carolina will need to conduct the depositions of Gerald Klugman, Ellis Cook, and Reuben Klugman's attorney, Reed Bryan.

Richman, Berenbaum previously judicially admitted that it had notice of a potential claim, and now intends to offer testimony to refute the prior admissions. Further, because Plaintiff never previously disclosed this contradiction, Carolina has had no opportunity to depose these witnesses, or otherwise obtain evidence to refute any such testimony. Carolina therefore

7

respectfully requests, alternatively,  that this Court grant Carolina leave to conduct additional

discovery, in the form of oral depositions, prior to trial of this matter.

WHEREFORE, Carolina Casualty Company respectfully requests that this Honorable

Court strike the Rule 26 supplemental disclosures offered by Plaintiffs or, alternatively, grants

Carolina leave to conduct the depositions of Ellis Cook, Esq., Reed Bryan, Esq., and Gerald

Klugman, prior to trial.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
      STEVEN J. POLANSKY
      ID# 34758
      Marshall, Dennehey, Warner, Coleman & Goggin
      200 Lake Drive East, Suite 300
      Cherry Hill, New Jersey  08002
      1845 Walnut Street
      Philadelphia, PA  19103
      856-414-6000

Jeffrey A. Goldwater, Esq.
Michelle M. Bracke, Esq.
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
(312) 466-8000

---

[2] By seeking this discovery, Carolina does not intend to waive its prior objections to the admission of hearsay testimony, or testimony that is otherwise inadmissible under the Federal Rules of Evidence.

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RICHMAN, BERENBAUM         )
ASSOCIATES, L.L.C.; CHARLES I.  )
RICHMAN; BLAKE L. BERENBAUM  )
and ELLIS COOK,                 )
                               )
           Plaintiffs     )      No.    02-CV-3195
                               )
     vs.                     )
                               )
CAROLINA CASUALTY INSURANCE  )
COMPANY.                   )      **ORDER**
                               )
          Defendants   )

It is hereby ORDERED this _____ day of _____, 2003, that

Plaintiff's supplemental rule 26 disclosures are stricken, and Plaintiff's are barred from calling

any new witnesses identified at the time of Trial.

                                    _____

                                                         J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHMAN, BERENBAUM & | ) | |
| ASSOCIATES, P.C.; CHARLES I. | ) | |
| RICHMAN, ESQ.; BLAKE L. | ) | |
| BERENBAUM, ESQ.; ELLIS COOK, | ) | |
| ESQ.; JEFFREY L. RUDNICK, ESQ;) | | |
| | ) | |
| Plaintiffs, | ) | No.  02-CV-3195 |
| v. | ) | |
| | ) | |
| CAROLINA CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 5, 2003,  the original of Carolina Casualty Company's Motions to strike Plaintiff's supplemental Rule 26 Disclosures or alternatively, to conduct additional discovery, were filed electronically for filing to the Clerk of the U.S. District Court of the Eastern District of Pennsylvania and copies forwarded to the following interested persons via regular mail:

## NAME AND ADDRESS

Ellis Cook, Esquire
2200 Walnut Street
Philadelphia, PA  19103

Reed A. Bryan, Esquire
P.O. Box 2466
Fort Lauderdale, FL  33303-2466

Walter Weir, Jr., Esquire
WEIR & PARTNERS, LLP
1339 Chestnut Street, Suite 500
Philadelphia, PA  19107

Susan M. Rabii, Esquire
SAUL EWING, LLP
1500 Market Street, 38th Floor
Phila., Pa.  19102
Attorney for Mildred Klugman, Intervenor

Michelle M. Bracke, Esquire
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, IL  60661-2511

11

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the forgoing statements made by me are willfully false, I am subject to punishment.

_____

DONNA DeFELICE GRENON

\06_A\LIAB\SZP\LLPG\550339\SZP\03008\00101