IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, P.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM; and ELLIS COOK,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINA CASUALTY INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 02-cv-3195 |

**MOTION TO STAY OF MILDRED KLUGMAN, AS LEGAL
REPRESENTATIVE OF REUBEN KLUGMAN INDIVIDUALLY, AND AS
SUCESSOR TRUSTEE TO THE REUBEN KLUGMAN TRUST**

Mildred Klugman, as legal representative of Reuben Klugman individually, and as successor trustee to the Reuben Klugman Trust (hereinafter, "Klugman"), by and through her attorneys, Saul Ewing LLP, respectfully moves this Court to stay this action and, in support thereof states as follows:

1. In or about 1988, Reuben Klugman retained Richman, Rudnick & Berenbaum, P.C. (hereinafter, "Richman Berenbaum") for professional legal services in connection with various real estate transactions in Broward County, Florida.

2. On August 1, 2000, Klugman instituted a malpractice action against Richman Berenbaum and several Richman Berenbaum attorneys in their individual capacities, asserting professional negligence in connection with the Broward County real estate transactions. See Reuben Klugman v. Ellis Cook, et al., Circuit Court of the 17th District in and for Broward County, Florida, Case No. 00-012739(18) ("malpractice litigation").

738079.1 8/6/03

3. Two years later, on or about April 17, 2002, Richman Berenbaum, Charles Richman, Esq., Blake Berenbaum, Esq., and Ellis Cook, Esq. ("Plaintiffs"), filed a declaratory judgement action in the Philadelphia County Court of Common Pleas against Plaintiffs' malpractice insurance carrier, Carolina Casualty Insurance Company ("Carolina Casualty"). See Richman, Berenbaum & Assoc., P.C. v. Carolina Cas. Ins. Co., April Term 2002, No. 1565 (C.P. Phila.). Plaintiffs asked for a declaration that, *inter alia,* Carolina Casualty has a duty to defend and indemnify Plaintiffs against all claims arising from the malpractice litigation. A true and correct copy of Richman Berenbaum's Action for Declaratory Relief Complaint (hereinafter, "Dec. Complt.") is attached hereto as Exhibit A.

4. Klugman was never served with process and never entered an appearance in the Philadelphia County declaratory judgment action. A true and correct copy of the relevant docket entries are attached hereto as Exhibit B.

5. On May 23, 2002, Carolina Casualty filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania. Removal was predicated upon diversity of citizenship. A true and correct copy of Carolina Casualty's Notice of Removal is attached hereto as Exhibit C.

6. To protect diversity of citizenship and avoid remand, Carolina Casualty argued that Klugman was not a necessary party to the declaratory judgment action and should be dismissed on fraudulent joinder grounds. Carolina Casualty took the position that the declaratory judgment action was properly limited to the "duty to defend", not the duty to indemnify, and that Klugman, the injured tort claimant, was not a necessary party in a "duty to defend" action. Carolina Casualty further represented to this Court that a ruling on the duty to indemnify was

premature until the conclusion of the underlying malpractice litigation. See Notice of Removal at pp. 3-4.

7. On July 3, 2002, Jeffery L. Rudnick ("Rudnick"), a defendant in the declaratory judgment action, filed a motion to remand on the grounds that complete diversity was absent. Rudnick argued that Klugman was a necessary party to the declaratory judgment action because Klugman had a claim against Richman Berenbaum and a potential claim for garnishment against Carolina Casualty. A true and correct copy of Rudnick's Motion for Remand is attached hereto as Exhibit D.

8. Carolina Casualty opposed remand. Reiterating the same arguments set forth in its Notice of Removal, and again advising this Court that the duty to indemnify was not at issue, Carolina Casualty asserted that Klugman was only a nominal party, not a necessary party, and thus was appropriately dismissed from this duty to defend declaratory judgment action. "An underlying claimant is, at best, merely a nominal or formal party to a suit regarding the duty to defend, because the underlying claimant has no real interest in whether the insurer defends its insured". See Carolina Casualty's Memorandum in Opposition to Rudnick's Second Motion to Remand Pursuant to 28 U.S.C. § 1332 and § 1447(c) ("Carolina Opp. to Remand") at pp. 3-4, a true and correct copy of which is attached hereto as Exhibit E.

9. This Court denied Rudnick's motion to remand and dismissed Klugman from the case, finding that Klugman was not a necessary party and had been fraudulently joined. See Richman, Berenbaum & Assoc., P.C. v. Carolina Casualty Co., No. 02-3195, 2002 WL 1895900 (E.D. Pa. Aug. 14, 2002).

10. On March 17, 2003, Carolina Casualty moved for summary judgment in this declaratory judgment action, requesting a declaration as to <u>both</u> its duty to defend and its duty to indemnify Plaintiffs in the underlying malpractice litigation.

11. Carolina Casualty's request for declaratory judgment as to its duty to indemnify Plaintiffs is completely contrary to its earlier representations to this Court that the request for such a determination was not proper or feasible until the underlying legal malpractice action had concluded. Carolina Casualty conceded more than once that any determination regarding its duty to indemnify would require this Court to make findings as to factual issues that are the subject of the underlying malpractice litigation. <u>See</u> Notice of Removal at p. 3, n.2; Remand Opp. at p. 3 n.1.

12. On May 22, 2003 Klugman filed a Motion to Intervene in this action for purposes of filing this motion to stay a decision as to Carolina Casualty's motion for summary judgment as to its duty indemnify, pending resolution of the legal malpractice action. Klugman's Motion to Intervene was granted on June 2, 2003.

13. This Court has full discretion in deciding whether to stay this action.

14. Generally, "the declaratory judgment court should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action." <u>Home Ins. Co. v. Law Offices of Jonathan DeYoung, P.C.</u>, 107 F.Supp.2d 647, 650 (E.D. Pa. 2000).

15. This federal declaratory judgment action should be stayed pending disposition of the underlying Florida state malpractice litigation. Trial in the malpractice litigation is scheduled for June 28, 2003.

16.     Staying this action will permit the Florida court to rule upon the material factual issues relating to Klugman's malpractice claim, avoid inconsistencies, and preserve judicial economy.

WHEREFORE, Mildred Klugman, as legal representative of Reuben Klugman individually, and as successor trustee to the Reuben Klugman Trust, respectfully requests that this Court stay a decision as to Carolina Casualty's motion for summary judgment as to its duty to indemnify Plaintiffs, pending disposition of the underlying legal malpractice action.

Respectfully submitted,

_____
Susan M. Rabii, Esquire
Nytasha W. Tobias, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor
Centre Square West
Philadelphia, PA 19102
(215) 972-7777

*Attorneys for Mildred Klugman, as Legal Representative of Reuben Klugman, Individually, and as Successor Trustee to the Reuben Klugman Trust*

Dated: June 5, 2003