IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHMAN, BERENBAUM & ASSOCIATES, P.C.; CHARLES I. RICHMAN; BLAKE L. BERENBAUM; and ELLIS COOK,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINA CASUALTY INSURANCE COMPANY,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 02-cv-3195<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY OF MILDRED KLUGMAN, AS LEGAL
REPRESENTATIVE OF REUBEN KLUGMAN INDIVIDUALLY,
AND AS SUCCESSOR TRUSTEE TO THE REUBEN KLUGMAN TRUST**

**I.     INTRODUCTION**

This action seeks declaratory relief regarding defendant and counterclaimant Carolina Casualty Insurance Company's ("Carolina Casualty") duty to defend and indemnify Plaintiffs in connection with a legal malpractice action brought by Klugman against Plaintiffs in Florida state court. Carolina Casualty has filed for summary judgment as to both its duty to defend and duty to indemnify, and Klugman respectfully requests that this Court stay its decision as to Carolina Casualty's motion for summary judgment as to its duty to indemnify Plaintiffs, pending disposition of the underlying malpractice litigation.

A stay is appropriate because it is undisputed that the duty to indemnify is not triggered unless and until the insured is actually found liable for damages covered under the insurance policy. The factual questions relevant to Carolina Casualty's duty to indemnify should be decided in the context of the Florida malpractice litigation, and will be decided shortly, as trial

in the malpractice action is scheduled for July 28, 2003.  Accordingly, the time is not ripe for this Court to issue a ruling as to Carolina Casualty's duty to indemnify Plaintiffs.  Importantly, Carolina Casualty itself has affirmatively represented to this Court more than once that a declaratory judgment with respect to the duty to indemnify was "premature" in light of the pending malpractice litigation.  With its motion for summary judgment, however, Carolina Casualty has completely altered its position and is seeking declaratory relief as to both its duty to defend and its duty to indemnify.

Accordingly, Mildred Klugman, as legal representative of Reuben Klugman individually, and as successor trustee to the Reuben Klugman Trust, respectfully requests that this Court stay a decision as to Carolina Casualty's motion for summary judgment as to its duty to indemnify, pending disposition of the underlying legal malpractice action.

## II.   FACTUAL SUMMARY

Plaintiffs represented Klugman in various transactions involving real property in Broward County, Florida.  On August 1, 2000, Klugman brought a legal malpractice suit against Plaintiffs after Klugman incurred substantial losses in litigation related to these real estate transactions.  The legal malpractice case is currently pending in Florida state court, and is scheduled for trial on July 28, 2003.

On April 17, 2002, almost two years after Klugman filed the malpractice litigation, Plaintiffs filed a declaratory judgment action in the Philadelphia County Court of Common Pleas against Plaintiffs' malpractice insurance carrier, Carolina Casualty.  Plaintiffs sought a declaration as to Carolina Casualty's duty to defend and indemnify Plaintiffs in the malpractice litigation.  See Dec. Complt. at p. 5.  Klugman was named as a defendant in this declaratory judgment action, but docket entries confirm process was never served.

Carolina Casualty removed this action to federal court on or about May 23, 2002, and co-defendant Rudnick immediately moved to remand. It was Rudnick's position that Klugman, although named a defendant, was properly aligned in interest with Plaintiffs and, therefore, the case lacked the requisite diversity because both Carolina Casualty and Klugman were citizens of Florida. Rudnick argued that Klugman was an indispensable party because he had a "strong interest" in the determination of coverage. <u>See</u> Motion to Remand at Section C.

Carolina Casualty took the position in both its Notice of Removal and Opposition to Rudnick's Motion to Remand that Klugman was not a necessary party to the "duty to defend" declaratory judgment action, and should be dismissed as fraudulently joined. Importantly, Carolina Casualty did not argue that Klugman was not a necessary party to a "duty to indemnify" declaratory judgment action. Instead, Carolina Casualty argued that a determination as to the duty to indemnify was "premature" and not the proper subject of this declaratory judgment action, because that issue turned on facts that would be resolved by the Florida trial court in the malpractice action. <u>See</u> Notice of Removal at p. 3 n.1; Carolina Opp. to Remand at pp. 3-4. This Court denied Rudnick's motion to remand and dismissed Klugman from the case.

Shortly after it prevailed in opposing remand, Carolina Casualty filed a Motion for Summary Judgment asking the court to declare not only that it has no duty to defend Plaintiffs in the underlying malpractice litigation, ***but also that it has no duty to indemnify Plaintiffs***.

As a result of Carolina Casualty materially, and improperly, expanding its requests for relief, Klugman filed a Motion to Intervene in this action pursuant to Fed. R. Civ. P. 24(a) for purposes of filing this motion to stay.

**III.    ARGUMENT**

A.     Legal Standard

It is firmly established that federal district courts have the power and discretion to stay declaratory judgment actions during the pendency of parallel state actions. See Nigro v. Blumberg, 373 F.Supp. 1206, 1209 (E.D. Pa. 1974) (citing Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration". Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

Carolina Casualty's counterclaim seeks relief under the Federal Declaratory Judgment Act, ("the Act") 28 U.S.C.A. § 2001. The Third Circuit has explained that the Act "gives district courts statutory discretion to decide whether to entertain actions for declaratory judgments". Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc., 887 F.2d 1213, 1222 (3d. Cir. 1989). In determining whether to exercise its discretion to stay a declaratory judgment action pending resolution of a parallel state court proceeding, the district court "should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." Brillhart, 316 U.S. at 495. The Third Circuit counsels federal courts to remember that "they do not establish state law, but are limited to predicting it", and cautions that the exercise of discretion by federal courts is "especially important in insurance coverage cases". State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2000). Finally, it is well-recognized that, "[a]s a general rule, the declaratory judgment court should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action." Home Insurance Co. v. Law Offices of Jonathan DeYoung, P.C., 107 F.Supp.2d 647, 650 (E.D. Pa. 2000).

B.     This Court Should Exercise its Discretion to Stay Carolina Casualty's
Motion for Summary Judgment Regarding Its Duty to Indemnify

<u>Plaintiffs, Pending Resolution of Klugman's Florida Malpractice Litigation.</u>

In <u>Terra Nova</u>, the Third Circuit stayed a "duty to indemnify" declaratory judgment action pending resolution of the underlying state court tort action. In granting the stay, the Third Circuit considered the following two factors, among others: (1) the general wisdom that federal courts should restrain from exercising the discretion to grant declaratory relief if the identical factual issues are "at the heart" of a pending state court action, and (2) the visible conflict of interest between the role of the insurer as a vigorous prosecutor in the declaratory judgment action and a vigorous defender in the underlying state court action. <u>Terra Nova</u>, 887 F.2d at 1224.

These factors considered by the Third Circuit in <u>Terra Nova</u> are equally applicable here. First, as will be discussed below, Carolina Casualty itself has repeatedly urged this Court to refrain from passing on the duty to indemnify question until the conclusion of the state court malpractice action. As a threshold matter, in its Notice of Removal Carolina Casualty strictly defined for this Court the relief it sought, and limited its request for relief to a declaration as to its duty to defend. Carolina Casualty did not stop there, however, but adopted the position (on more than one occasion) that this Court not only <u>should</u> not rule as to the duty to indemnify, it <u>could</u> not do so. In both its Notice of Removal and Opposition to defendant Rudnick's Motion to Remand, Carolina Casualty represented that a declaration as to the duty to indemnify by this Court would be undeniably premature because the factual findings that would form the basis of such a determination had yet to be decided by the Florida state court in the underlying malpractice action

> An insurer must indemnify only if the insured is held liable for a claim actually covered by the policy. . . . Thus, the duty to indemnify is necessarily narrower than the duty to defend, given that the determination of such duty is based upon the actual material facts

> established at the trial in the underlying litigation. As such, the duty to indemnify does not arise until the liability imposed against the insured is conclusively established. . . . **<u>Accordingly, a ruling on the duty to indemnify, as to this issue, would be premature, and would not be resolvable in the context of this declaratory judgment action.</u>**

Notice of Removal at p. 3 n.2; Carolina Opp. to Remand at p. 3 n.1 (emphasis added). Carolina Casualty advised this Court that the factual issues to be decided in the malpractice litigation would, one way or another, control its duty to indemnify and, thus, no declaration as to its duty to indemnify could be made prior to the resolution of the underlying malpractice litigation. Importantly, Carolina Casualty's efforts to defeat remand were successful.

Now Carolina Casualty has filed for summary judgment seeking a declaration as to both its duty to defend and its duty to indemnify. This Court cannot permit Carolina Casualty to ignore the legal position it advocated to this Court in the context of its successful effort to remove this action and avoid remand. To allow Carolina Casualty to completely change its position in such a self-serving manner would be unjust.

Second, the inherent conflict of interest recognized by the Third Circuit when an insurer who, in issuing an insurance policy has essentially contracted to lend its "superior resources and expertise" to the defense of a claim brought under that policy, is at the same time vigorously fighting for a declaration that it has no obligation to indemnify the insured, is obviously present in this case as well. <u>Id.</u> at 1225. Significantly, Carolina Casualty has been defending the malpractice litigation for over two years, and that action is now only two months from trial.

Notably, many courts in the Eastern District of Pennsylvania have followed the reasoning articulated in <u>Terra Nova</u> when faced with this identical issue, and granted a stay of a "duty to indemnify" declaratory judgment action pending resolution of predicate factual issues

by the state court.  See, e.g., American Guar. & Liab. Ins. Co. v. Fojanini, 99 F.Supp.2d 558 (E.D. Pa. 2000); Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274 (E.D. Pa. 2000) (staying declaratory judgment action with respect to the duty to indemnify determination until the state court determines an issue of fact that would control the outcome of this question); Essex Ins. Co. v. V.A.C.V., Inc., No. Civ. A. 98-1046, 1998 WL 316080, *3 (E.D. Pa. Jun. 9, 1998) (granting stay as to duty to indemnify, holding, "[w]e cannot make a conclusive ruling on the duty to indemnify at this time because that obligation depends upon the outcome of the underlying litigation."); Nationwide Mut. Fire Ins. Co. v. McNulty, No. Civ. A. 96-7304, 1997 WL 805165, *5 (E.D. Pa. Dec. 30, 1997) (granting stay with respect to declaratory judgment regarding duty to indemnify, holding, "[I] find that it is within the province of the state court to render a decision on the underlying facts of this dispute.  The litigation having gone forward at least through discovery, the state court is in a far better position to proceed on the merits"); Nationwide Mut. Fire Co. v. Shank, 951 F. Supp. 68, 71-73 (E.D. Pa.), appeal dismissed, 127 F.3d 1096 (3d Cir. 1997).[1]

According to Carolina Casualty's own admission, there are issues of fact to be decided in the malpractice litigation that will control any determination as to Carolina Casualty's duty to indemnify Plaintiffs.  Therefore, this Court should adopt the reasoning in Terra Nova and exercise its discretion to stay a decision as to Carolina Casualty's Motion for Summary Judgment on the duty to indemnify until the Circuit Court of the 17th District in and for Broward County, Florida has come to a final judgment in the matter of Reuben Klugman v. Ellis Cook, et al.

---

[1] Cf. Home Ins. Co. v. Powell, No. Civ. A. 95-6305, 1996 WL 269496 (E.D. Pa. May 20, 1996), aff'd, 156 F.3d 1224 (3d Cir. 1996) (Table).  Powell is distinguishable because Carolina Casualty has conceded that the issues to be determined in the underlying malpractice action are material to this Court's ability to determine Carolina Casualty's duty to indemnify, and, thus, such declaratory relief is premature.

**IV.  CONCLUSION**

WHEREFORE, Mildred Klugman, as legal representative of Reuben Klugman individually, and as successor trustee to the Reuben Klugman Trust, respectfully requests that the Court grant this Motion and stay this action in recognition of the underlying state court action presently pending in the Circuit Court for the 17th Judicial District of Florida, Broward County.

Respectfully submitted,

_____
Susan M. Rabii, Esquire
Nytasha W. Tobias, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor
Centre Square West
Philadelphia, PA 19102
(215) 972-7777

*Attorneys for Mildred Klugman, as Legal Representative of Reuben Klugman, Individually, and as Successor Trustee to the Reuben Klugman Trust*

Dated:  June 5, 2003